SMITH, TAX COLLECTOR *v.* PERKINS.

[73 South. 797, Division B.]

LICENSES. *Tax on undertakers. "Undertaker." Statutes.*

Under Laws 1916, chapter 90, requiring each dealer in coffins, if an undertaker, to pay one hundred dollars for a privilege license but providing that a merchant carrying coffins in stock and paying a privilege license on the stock shall pay a tax of five dollars in addition to the tax required of him as a merchant; where a merchant carries a stock of coffins in addition to his other stock and takes charge of dead bodies and prepares them for burial and does all things necessary to constitute him an undertaker, he is liable to the tax of one hundred dollars without reference to whether he sells merchandise or not.

APPEAL from the circuit court of Lincoln county.

HON. D. M. MILLER, Judge.

Suit by W. Ed. Smith, tax collector of Lincoln county, against C. B. Perkins. From a judgment for defendant, plaintiff appeals.

Chapter 90 of the Laws of 1916, requires the payment of a privilege license by "each dealer in coffins . . . in all cities, if dealer be an undertaker, one hundred dollars. If any dealer in coffins . . . is an embalmer, or employs an embalmer in connection with his business, in that event, he shall pay an additional tax of ten dollars. None of the foregoing pro-

visions shall apply to a merchant who carries coffins in stock and pays a privilege tax on the stock. But such merchant who carries coffins in stock and pays a privilege on the stock shall pay a tax of five dollars in addition to the tax required of him as a merchant."

*Geo. H. Ethridge*, Assistant Attorney-General, for appellant.

*H. Cassedy* and *Luther L. Tyler*, for appellee.

COOK, P. J., delivered the opinion of the court.

The facts in this case as shown by the declaration are that the appellee is a merchant in the city of Brookhaven, engaged in the general hardware business, and in addition to his hardware business he is engaged in a general coffin business, and carries a stock of coffins for sale. He is also engaged in the undertaking business, in that he takes charge of dead bodies, prepares them for burial, and does all things necessary to constitute him an undertaker under the law. He is also engaged in the embalming business, and does all things necessary to make him an embalmer under the law.

The appellant is sheriff and tax collector of Lincoln county, and as a part of his official duty he is required to collect taxes for privilege license. The city of Brookhaven having a population of more than three thousand, the sheriff and tax collector, the appellant in this case, demanded the sum of one hundred dollars privilege license, as provided for in chapter 90 (Senate Bill No. 174) pp. 79 and 80, of the Laws of 1916, and the appellee refused to pay the amount demanded.

Appellant then filed a declaration against the appellee for the sum of two hundred dollars the appellee having refused to pay the privilege tax as demanded bofere the 1st day of June, 1916, and continuing to refuse to pay it after that date. The tax therefore,

according to appellant's contention and his construction of the law, is doubled. The declaration shows all of the facts.

The amount involved being two hundred dollars, the suit was begun in the justice court. It was there decided against appellant, and he appealed to the circuit court. In the circuit court a demurrer was interposed by the appellee, was sustained by the circuit court, and appellant's declaration dismissed. Thereupon appellant appeals this cause to the supreme court for decision.

It will be noted that appelle is a merchant and carried coffins in stock, and has paid his privilege tax as a merchant and has also paid five dollars in addition to the tax required of him as a merchant. He refuses to pay the one hundred dollars the statute assesses against undertakers, because he contends the statute exempts merchants from paying the undertaker's privilege tax, when the merchant pays the five dollars additional required of him as a merchant.

The business of an underatker is a distinct business or profession. The undertaker takes charge of the corpse, prepares it for burial, and attends to its interment. If a merchant dealing in coffins as part of his stock may escape the undertaker's tax, it is easy to see that all undertakers could escape by supplying themselves with an insignificant stock of goods.

It is difficult to imagine that the legislature intended to thus favor a selected class of merchants. If this is a proper construction of the statute, we find that an undertaker with a stock of coffins worth five hundred dollars would have to pay one hundred dollars, while a merchant with a stock of coffins worth one thousand dollars would get off with his undertaker's business by the payment of five dollars.

We are unable to attribute this sort of discrimination to the lawmakers. To make this statute a valid exercise of the legislative power a different construc-

tion must be found, if it can be reasonably done. We believe that it was the intention of the legislature to require the payment of one hundred dollars by all undertakers, without reference to whether the undertaker also sells merchandise or not.

It is generally understood that the undertaker's business is necessarily very profitable. The bereaved relatives of the deceased cannot haggle about prices, and the undertaker's profits are only limited by his conscience, and no sane person can imagine that an undertaker's conscience would be satisfied by the accumulation of a stock of merchandise.

*Reversed and remanded.*