JOHNSON, STATE REVENUE AGENT, v. LONG FURNITURE CO.

[74 South. 283, Division B.]

1. LICENSES. *Statutes. Partial invalidity. License taxes.*
   Under chapter 90, Laws 1916, imposing a license tax on dealers
   in coffins doing an undertaking business, but excepting mer-
   chants paying a tax on their stock, a furniture company paying
   a tax on its stock of coffins, but also doing an undertaking busi-
   ness, is liable for the tax, since the proviso regarding merchants
   is void and is separable from the rest of the act.

2. CONSTITUTIONAL LAW. *Licenses. Equal protection. License taxes.*
   The exception of merchants paying a tax on their stock of coffins
   from the license tax imposed by Laws 1916, chapter 90, on deal-
   ers in coffins doing an undertaking business is unconstitutional
   and void as denying the equal protection of the laws to persons
   not being merchants.

APPEAL from the circuit court of Copiah county.
HON. J. B. HOLDEN, Judge.

Suit by J. C. Johnson, state revenue agent against the
Long Furniture Company. From a judgment for defend-
ant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*M. S. McNeil* and *Stokes V. Robertson,* for appellant.

The questions involved in this case were determined
by this court in an opinion rendered by COOK, P. J., Divi-
sion B, recently in a case, styled *W. Ed. Smith, Tax Col-
lector,* v. *C. B. Perkins.* Our side of the case cannot be
more forcibly argued than by adopting the opinion of the
court in the said case and the brief of the district attorney
and attorney-general who represented the case for the
state.

We therefore adopt as appellant's argument in this
case the said opinion of the supreme court and the briefs
on file in said case and respectfully submit that the judg-
ment of the lower court should be reversed and judge-
ment entered here for appellant.

*H. J. Wilson, for* appellee.

Statutes levying privilege tax are an abridgment upon the rights of citizens and this court has always strictly construed them and has refrained always heretofore from reading into the statutes that which does not clearly appear from the language of the statute itself.

On this subject; in the case of *Abbott* v. *State,* 106 Miss. 340, Judge COOK says: "It is contended that it was the intention of the legislature to do this very thing, but we must look to the law itself for the legislative intent, and it is not within the province of the court to write the law that power rests with the legislative department." *State* v. *Traylor,* 100 Miss. 563.

We maintain the statute here under consideration is plain and unambiguous; is expressed in simple, clear terms, free from doubt. In fact, it is expressed so clearly that the laity may read and understand, as well as the trained lawyer.

We maintain there can be no doubt as to the meaning but if there is doubt, it should be solved in favor of the person sought to be taxed. It is a well established rule of construction in this state that statutes imposing a privilege tax are penal and must be strictly construed.

In the case of *Bell* v. *Kerr,* 80 Miss. 179, CALHOUN, J., speaking for the court with reference to the construction of a statute imposing a privilege tax, says: "This statute is penal and must have strict construction." *V. & M. R. R. Co.* v. *State,* 62 Miss. 105; *Alfred Wilby* v. *State of Mississippi,* 93 Miss. 767.

We maintain therefore that the opinion of the court in the case of *Smith* v. *Perkins,* is in irreconcilable conflict with both of the principles above stated. The court invades a statute expressed in the clearest of terms, in words that are not ambiguous and imposed upon it the strictest construction imposing a high and severe penalty upon the person proposed to be taxed.

We cannot believe that this court intends to reverse the rules of construction above quoted, and for that reason, as stated in the outset, we have some hopes that upon further reflection this court will right itself.

This court does not hold that the clause exemting merchants who deal in coffins and pay privilege tax on their stock, including coffins, is unconstitutional, because it creates a favored class. We maintain that the legislature did intend to create two classes of dealers in coffins, but the classification is based upon a substantial and not a fictitious or artificial basis; the purpose was to prevent the imposition of a double privilege tax. The merchant who pays privilege tax upon his stock, including the coffins, who is also required to pay a privilege tax as a dealer in coffins, is subjected to a double tax. The burden is made so great as to deter and prevent many individuals from dealing in coffins at all, thereby restricting and limiting the number of persons or concerns dealing in this commodity, and tending to create a monopoly in the business.

We do not presume that any one would clamor for a larger sale of coffins, but, at the same time, none of us would like to see a corner on the coffin market, and it is easy to see that the legislature, in its wisdom, was undertaking to make it possible for a larger number of merchants to carry coffins in their stock in order that the very abuses referred to by the court might be in a measure eliminated.

On the other hand, if this court should hold that the legislature undertook to create classes of dealers in coffins upon an unsubstantial and fictitious basis and in contravention of the provisions of the constitution, then we submit that this applies to the whole statute and renders the whole of it void. The statute is indivisible; it seeks to impose a tax upon only one class of dealers in coffins, to wit: those who are not merchants. It is a matter of common knowledge that the majority of dealers in coffins in this state are merchants who pay a privilege

tax on their stock, including the coffins. It certainly could not be said that the legislature would have passed the act had they known that it would have applied to the merchant, as well as to those dealers who are not merchants. By far the largest class of dealers are relieved from the payment of the tax. The undertaker as an undertaker is not taxed; the embalmer as an embalmer is not taxed; the dealer who is not a merchant is the only person taxed. If the legislature had intended to place a tax upon undertakers, how easy it would have been to have expressed that intention in clear, concise and unequivocal terms; and so with the embalmer.

The only reference to an undertaker or embalmer found in any of the legislation of this state is in the statute here under consideration. Is it not clear that the legislature did not intend to tax these persons, and thereby encourage a larger number to enter the business, thus making it possible that through competition the very abuses referred to by the court might be reduced.

ETHRIDGE, J., delivered the opinion of the court.

Plaintiff, J. C. Johnson, State Revenue Agent, filed suit against the Long Furniture Company, a corporation, doing business at Hazelhurst in Copiah county, Miss., for a privilege tax of one hundred dollars per year for each of the years 1909, 1910, 1911, 1912, 1913, and 1914, and also for one hundred per cent. damages for failure to pay said privilege tax within the time required by law. The testimony shows that the defendant was carrying a stock of coffins, and was, in connection with the coffin business, operating a hearse, and would, when a person applied therefor, prepare the body for burial and bury it, charging extra compensation for this service. Also that they kept embalming fluids, and would, when requested, have the body embalmed for burial, charging therefor. There was a judgment for the defendant below, from which judgment the revenue agent appeals.

This case is precisely like the case of *W. Ed Smith, Tax Collector,* v. *C. B. Perkins,* decided by this court December 23, 1916 (73 So. 797), in which it was held that persons so engaged are liable for undertakers' privilege tax. It is urged here in the present case that the case of *W. Ed Smith, Tax Collector,* v. *C. B. Perkins, supra,* was erroneous because the decision writes something into the statute that the legislature had not written there, and that the result was that the supreme court had legislated in the matter. This is an erroneous view of the decision. The statute (Laws 1916, chapter 90) imposing the privilege tax imposes a tax upon all persons engaged in the business, but undertakes to except out of the statute a certain class known as merchants who had paid a privilege tax as merchants, and this clause excepting merchants being a separable provision, and, being void because it denies the equal protection of the law to people not merchants, could be separated from the body of the act on the principle that where a part of a statute is unconstitutional and can be separated from the main statute without impairing the act as a whole, it may be done. This principle was distinctly recognized and decided in *Adams, State Revenue Agent,* v. *Standard Oil Company,* 97 Miss. 879, 53 So. 692. This case having been tried in the court below prior to the decision of the case of *W. Ed Smith* v. *C. B. Perkins,* and being decided contrary to the view there held, the case is reversed, and, as there is no dispute as to the facts, judgment will be entered here for the amount sued for.

*Reversed, and judgment here.*