BRITTIAN & HENRY v. ROBERTSON, STATE REVENUE AGENT.

[83 South. 4, In Banc. No. 20747.]

LICENSES. *Penalty for failure to pay privilege taxes.*

The fact that a party liable to the privilege tax imposed by Code 1906, section 3901 (Hemingway's Code, section 6630), failed to pay the same when due because he honestly believed, that he was not liable therefor, will not relieve him from the penalty or damages imposed by this section for failure to pay the privilege taxes when due, since the statute contains no such exception either expressed or implied.

APPEAL from the chancery court of Copiah county. HON. O. B. TAYLOR, Chancellor.

Suit by Brittian & Henry against Stokes V. Robertson, State Revenue Agent and others. From a decree dismissing the bill, complainant appeals.

The facts are fully stated in the opinion of the court.

*H. J. Wilson,* for appellant.

"Courts will not enforce a penalty against the taxpayer where he makes a good defense against its imposition, or shows a legally sufficient excuse for the delinquency charged. It is held a sufficient ground for refusing to enforce the penalty that the officers did not give the taxpayer the notice or demand to which he was entitled; that the tax was illegal or illegally levied; that he tendered or offered to pay so much of the tax

as was legal, resisting payment only of an illegal excess; that he made an honest mistake as to the amount, extent, or value of his taxable property; that he entertained a sincere and reasonable belief that the particular property was exempt, or was not taxable, particularly where such belief was found on the advice of counsel, or was the subject of judicial consideration or such as fairly to warrant a resort to the courts.''

See 37 Cyc. 1544 and Notes; *Trust Co.* v. *New Mexico*, 183 U. S. 535. (2) Appellants entertained a sincere and reasonable belief that they were exempt from the payment of a tax as dealers in coffins or undertakers, and had every reasonable ground to submit this question to the courts for judicial consideration. See Section 3791 of the Code of 1906; Laws of Mississippi 1908, page 57; Laws of Mississippi of 1910, page —; Laws of Mississippi of 1916, page 80; *Tax Collector* v. *Perkins*, 73 So. 797; *Long Furn. Co.* v. *Johnson*, 113, Miss. 373.

Appellants came within the class of dealers in coffins and undertakers, which the legislature undertook to exempt from payment of the tax. Except for the unconstitutionality of the atempted exemption, appellants were exempt from the tax. Appellants were entitled to a strict construction of the statute in their favor, and had every reasonable ground to submit the question to the courts for judicial consideration. The proof in this case is overwhelming that appellants acted in the utmost good faith, and it would now be unconscionable to require them to pay penalty, especially one so severe as that claimed—a penalty for not doing the very thing they understood the legislature had relieved them from doing.

I respectfully submit; therefore, that under the law and the facts as shown by the testimony in this case, complaints are liable only for the privilege tax of one hundred dollars per annum for each of the years

1915, 1916 and 1917, and that the court erred in taxing them with the penalty for the non-payment of the tax, and the decree should, therefore, be reversed and remanded for further hearing.

*M. S. McNeil,* for appellee.

It is contended by the appellants under the testimony in this record that since they entertained a sincere belief that they were exempt from the payment of this tax as dealers in Coffins or undertakers, they could therefore decline to pay it and submit the question to the courts to be settled, and in no event would they be subject to the penalty prescribed by the statute, notwithstanding their default in the payment of the tax. 37 Cyc., 1544, and notes, is cited for authority on this proposition. The last paragraph of the section is not quoted in counsel's brief, which reads as follows: "Neither can the taxpayer relieve himself by belated payment of the tax after the penalty has accrued or suit has been brought to enforce it."

We take it that under the laws of the state of Mississippi if a person was in doubt with reference to the amount of tax due by him it would be his duty not to rely so much upon the advice of counsel but to pay the tax and then resort to section 6983 of the Hemingway Code. This section reads as follows: "Privilege taxes erroneously paid refunded.—If any person, firm or corporation has paid, or shall hereafter pay to the auditor of public accounts, or to any tax collector of the state, through error or otherwise, any privilege tax for which such person, firm or corporation was not liable, or if any person, firm or corporation has so paid for any privilege license, an amount exceeding the sum for which such person, firm or corporation are liable, upon proof of such erroneous payment or overpayment has been paid into the state treasury, he shall, with the advice and ap-

proval of the governor and attorney-general issue to such person, firm or corporation, his or their assigns, his warrant upon the state treasure for an amount to equal to such erroneous payment or overpayment, and the same shall be paid by the state treasurer from any funds appropriated for such purpose.''

We respectfully refer the court to the case of *Bennett* v. *Jones*, 107 Miss. 880, 66 So. 277, which we insist settles the very principle involved in this case. The facts in that case, as stated in the opinion of the court were identical to the facts in this case.

''Their privilege tax license expired on April 1, 1914. They failed to procure a license during April, 1914, being the month in which such license was due. In May, 1914, they offered to pay applicant, the sheriff and tax collector, the amount of four hundred as privilege tax, and requested the issuance by him of the license. He refused to receive the amount and issue license and demanded eight hundred dollars, being double the amount of the tax, which he claimed that he was compelled to collect by the requirements of section 3901 of the Code of 1906.''

The brief of Sullivan & Conner, counsel for appellant in the case covers so fully and thoroughly the argument to be presented herein behalf of the appellee that we adopt this brief and ask the court to consider it as part of the brief in this case.

It will be noted that on pages 9 and 10 of the record in this case that along with the notice served by the sheriff of the amount of privilege tax and the damages appears this note: ''Section 3901 of the Code of 1906, is as follows: 'Damages in case of failure to procure license. All persons or corporations liable for privilege tax who shall fail to procure the license during the month in which it is due shall be liable for double the amount of the tax, and it is hereby made the duty of the tax collector to collect the amount, is-

sue a separate license therefor, and to endorse across its face the words; "Collected as damages." ' It will be seen from this section that the tax collector has no discretion and must collect the tax and the damages. No officer is given discretion to waive this penalty. The revenue agent, under chapter 131 of the Code, has the power, and it is. his duty to collect all unpaid taxe of any kind and all penalties or forfeitures for past due obligations and indebtedness of any character owing to the state and county or levee board, etc. You are therefore advised that you should collect the penalty as well as the unpaid amount of the taxes.

"Yours very truly,

"Ross A. COLLINS, Attorney-General.

"By GEO. H. ETHRIDGE, Assistant Attorney-General

"Bring this notice with you Filed April 26, 1917."

So the appellants cannot complain that they did not understand the penalty imposed by the law. They had no right to do business without first paying a tax, and they cannot be heard to complain now that by reason of their failure to qualify under the law to engage in a business they are compelled to pay the penalty. The liability of the appellants in this case was completely settled in the case of *Smith* v. *Perkins,* 112 Miss. 871, and *Jonnson, State Revenue Agent,* v. *Long Furniture Company,* 113 Miss. 373.

We earnestly submit that this case should be affirmed.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from decree dismissing a bill exhibited by the appellants against the appellees; the cause having been heard on bill, answer, and proof.

It appears from the record that the appellants are, and have been since 1909, engaged in the mercantile business in Hazlehurst Mississippi, which municipality was classified as a city by proclamation of the Governor

on the 19th day of February, 1906. In connection with
their mercantile business the appellants sell coffins and al-
so do an undertaking business. They have paid annually
the privilege tax required of them on their stock of
goods as merchants, but have paid no separate tax on
their coffin and undertaking business, for the reason
that they were advised in 1910 or 1911 by their attorney
and the tax collector then in office that they were not
liable therefor.  In 1914, J. C. Johnson, the then state
revenue agent, sued the appellants for the taxes alleged
to be due by them on their coffin and undertaking busi-
ness for the years 1909 to 1914, inclusive; but this suit
was dismissed by the plaintiff, after the circuit judge
had ruled in another case that section 3791, Code of 1906
(section 6494, Hemingway's Code), does not apply to
a merchant doing an undertaking business, who pays
the regular privilege tax on his stock of goods, on which
ruling the appellants say they also relied in not paying
the taxes accruing thereafter.

In December, 1916, this court held in the case of
*Smith* v. *Perkins*, 112 Miss. 870, 73 So. 797, and again in
*Johnson* v. *Long Furniture Co.*, 113 Miss. 373, 74 So. 283,
that merchants doing an undertaking business are lia-
ble for the privilege tax imposed thereon by section 3791,
Code of 1906 (section 6494, Hemingway's Code).  In
February, 1917, the tax collector of Copiah county was
proceeding under the direction of the revenue agent to
collect from the appellants the taxes due by them on
their coffin and undertaking business for the years 1914,
1915, and 1916, and also the damages imposed by sec-
tion 3901, Code of 1906 (section 6630, Hemingway's
Code), for the failure to pay privilege taxes when they
became due, whereupon the bill here in question was filed,
by which it is sought to enjoin the collection of the
damages; the liability of the appellants for the pay-
ment of taxes being admitted.

120 Miss.—44

The ground upon which it is sought to maintain the bill is that section 3901, Code of 1906 (section 6630, Hemingway's Code), does not apply where the failure of a person to pay a privilege tax due by him is caused by his honest belief that he is not liable therefor. The statute contains no such exception, either expressed or implied; consequently the judgment of the court below is correct.

*Affirmed.*

Holden, J., did not participate in the decision of this case.