MILLER, STATE TAX COLLECTOR, *et al. v.* SHERRARD *et al.*

(In Banc March 17, 1930. Suggestion of Error Overruled March 31, 1930.)

[126 So. 903. No. 28515.]

Greek P. Rice, Jr., of Clarksdale, for appellant.

Brewer & Brewer, of Clarksdale, for appellees.

Ethridge, J., delivered the opinion of the court.

Appellant, suing for the use of the state and of Coahoma county, brought this action against appellees under chapter 118 of the Laws of 1926, section 7712 of Hemingway's Code of 1927, to recover the privilege tax

provided by that statute for conducting the business of an oil depot. The charging part of the declaration is in this language:

"That the said defendants operated and controlled an oil depot with a capacity and volume of business of over five thousand gallons and less than twenty thousand gallons for the year beginning June, 1928, to June, 1929.; that the privilege license fee and tax duly and lawfully assessed and levied against said business was in the amount of fifty dollars and by reason of the operation and conduct of the said business as aforesaid and the privilege tax due and lawfully assessed and levied by reason thereof, the said defendants became liable to the plaintiff herein in the amount aforesaid, but the said privilege license fee and tax, although frequently demanded of the said defendants, remains due and unpaid; that by reason of said non-payment of said license fee and tax and the refusal to pay said privilege license fee and tax as aforesaid, there accrued by law a damage for non-payment of said license and tax in the sum of fifty dollars, as prescribed for by law and that said damage is now demanded of said defendants and that the total sum due and payable for the period aforesaid is in the sum of one hundred dollars, for which although frequently demanded, the same remains due and unpaid.

"Plaintiff further charges that he is entitled to interest at six per cent per annum from the time the said taxes accrued until paid."

Appellees pleaded the general issue. There was a trial on agreed facts, resulting in a judgment in favor of appellees, and from that judgment appellant prosecutes this appeal. The agreed facts are as follows:

"That the defendants are engaged in the business of merchants in the village of Sherrard in Coahoma County, Mississippi, trading under the firm name of J. H. Sherrard & Son; that as such merchants they do a general mercantile business selling dry goods, shoes, hardware, groceries and other commodities usually carried in general mercantile stores; that among other things the de-

fendants retail gasoline to their customers in the regular course of their mercantile business, and that they have one gasoline pump in front of their store. That said defendants have a storage tank for gasoline with a capacity of more than five thousand gallons and in this storage tank they place or cause to be placed gasoline from time to time in quantities exceeding five thousand gallons.

"It is further agreed that the only use made by the said defendants of the said gasoline purchased by them is to transfer it from the storage tank aforesaid to the gasoline pump in front of said store or place of business, which said gasoline is transferred by means of a pipe connecting the storage tank, which holds in excess of five thousand gallons, to the tank directly used in connection with the gasoline pump.

"That the gasoline is sold in the regular course of business by said defendants to their customers, and that no gasoline is sold by defendants except to the retail trade in the regular course of business from the pump in front of the store aforesaid, and that the defendants do not directly deliver gasoline to anyone from said storage tank.

"And it is further agreed that the defendants make no distribution of any kind of gasoline from said storage tank except the transfer as aforesaid of the gasoline from the storage tank to the gasoline pump.

"It is further agreed that the said defendants have paid all necessary privilege taxes for the operation of said gasoline pump but they have not paid any special privilege tax on the storage tank aforesaid with a capacity of more than five thousand gallons.

"It is contended by the plaintiff that defendants are liable under Section 7712 of Hemingway's Code of 1927, which section has to do with oil depots, but defendants deny that they are liable for any such tax and deny that they operate an oil depot, either directly or indirectly."

It will be observed from the agreed facts that appellees were engaged in the general mercantile business,

and, in addition thereto, have a storage tank for gasoline, with a capacity of more than five thousand gallons. In front of their store is a gasoline pump, from which the gasoline is retailed. There is a pipe leading from the storage tank to the pump in front of appellees' store. The gasoline is pumped through the pipe, from the storage tank to the container in front of the store, and there retailed to appellees' customers.

Section 7712 of Hemingway's 1927 Code, reads as follows:

"The following annual privilege tax is hereby imposed on each person, copartnership, corporation, joint stock company, or any other association of persons who own or control an oil depot for the sale, delivery or distribution of gasoline and kerosene, whether operated by them directly, or indirectly, by agents, servants, employees, or lessees, viz.:

"On each such oil depot with a capacity for gasoline and kerosene of over five thousand gallons and not over twenty thousand gallons, fifty dollars.

"Same, with a capacity of over twenty thousand gallons and not over fifty thousand gallons, seventy-five dollars.

"Same, with a capacity of over fifty thousand gallons and not over one hundred fifty thousand gallons, one hundred dollars.

"Same, with a capacity of over one hundred fifty thousand gallons and not over two hundred thousand gallons, one hundred and fifty dollars.

"Same, with a capacity of over two hundred thousand gallons and not over three hundred thousand gallons, two hundred dollars.

"Same, with a capacity of over three hundred thousand gallons, two hundred fifty dollars.

"The provisions of this section shall not apply to merchants who retail oil to their customers in the regular course of business, nor to what is commonly known as a 'filling station,' provided such filling station does not have a storage capacity of over five thousand gallons.

"It is not intended to impose this privilege tax upon any business done inside oil depots in interstate commerce.

"The privilege tax herein imposed is not imposed for the purpose of raising revenue only, but also for the purpose of regulating the keeping and storing of highly inflammable oil in large quantities.

"The privilege, or excise tax herein imposed are and shall be in addition to any and all other taxes of any kind and description otherwise imposed by law."

It is the contention of the appellant that the provision, "the provisions of this section shall not apply to merchants who retail oil to their customers in the regular course of business," if construed to except merchants from the payment of the tax in the case where filling stations would have to pay the tax for doing the same business, is unconstitutional. The court below held that the tax did not apply to the merchants in this case, although their gasoline tank had a capacity of more than five thousand gallons. Apparently the court was of the opinion that although the operator of the filling station selling at retail was required to pay on the same kind of tank and doing the same kind of business the tax imposed by the statute, yet the merchant, because he was engaged in the mercantile business, would be exempt from the payment of this tax under this statute.

In construing statutes we are required to place a construction on them, if it can be reasonably done, without doing violence to the language used by the Legislature, to construe them so as to avoid rendering them unconstitutional or seriously endangering their constitutionality. We are of the opinion that the business done by the appellees in this case was the same as is done by a filling station. In other words, that they were doing the same business that they would do if operating a filling station in so far as the selling of gasoline or kerosene is concerned. We think the expression in the statute must be limited to the business that the merchant does in the ordinary course of business, where he carries the oil or

kerosene in stock as part of his mercantile establishment and handles it in the same manner as he does other merchandise.

As the facts in this case do not bring this case within our view of the meaning of the statute, the judgment of the court below is wrong. In the case of W. Ed. Smith, Tax Collector, v. C. B. Perkins, 112 Miss. 870, 73 So. 797, 798, this court construed chapter 90, Laws of 1916, which statute required each dealer in coffins, if an undertaker, to pay one hundred dollars for privilege license, but provided that a merchant carrying coffins in, stock and paying the privilege license on the stock shall pay a tax of five dollars in addition to the tax required of him as a merchant, and which requires all undertakers to pay one hundred dollars for the privilege of undertaker's license without selling other merchandise or not. In the course of the opinion the court said:

"The business of an undertaker is a distinct business or profession. The undertaker takes charge of the corpse, prepares it for burial, and attends to its interment. If a merchant dealing in coffins as part of his stock may escape the undertaker's tax, it is easy to see that all undertakers could escape by supplying themselves with an insignificant stock of goods.

"It is difficult to imagine that the Legislature intended to thus favor a selected class of merchants. If this is a proper construction of the statute, we find that an undertaker with a stock of coffins worth five hundred dollars would have to pay one hundred dollars, while a merchant with a stock of coffins worth one thousand dollars would get off with his undertaker's business by the payment of five dollars.

"We are unable to attribute this sort of discrimination to the lawmakers. To make this statute a valid exercise of the legislative power a different construction must be found, if it can be reasonably done. We believe that it was the intention of the Legislature to require the payment of one hundred dollars by all undertakers, without

reference to whether the undertaker also sells merchandise or not.''

So it can be said here that the business done according to the facts agreed to constituted the merchants in the case operators of a filling station. There is no distinction between the business they were doing, under the agreed statement of facts, and that done by any other filling station. It is true that in addition to the filling station they operated a mercantile store, selling a general line of goods. The two businesses are under the facts in this record separate, and the appellees were not protected from the payment of the privilege tax sued for. See also Johnson v. Long Furniture Co., 113 Miss. 373, 74 So. 283.

We are therefore of the opinion that the court below erred, and that the court should have rendered judgment for the appellant for the amount sued for. The judgment will therefore be reversed, and judgment rendered here for the appellant.

Reversed and rendered.