CITY OF JACKSON *v.* HINES.

(Division B.   Oct. 30, 1933.)

[150 So. 533.   No. 30711.]

**W. E. Morse,** of Jackson, for appellant.

**Chambers & Trenholm,** of Jackson, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee instituted this proceeding before the mayor and commissioners of the city of Jackson to obtain a refund from the city of certain privilege taxes and damages alleged to have been erroneously demanded and collected by the city. The mayor and commissioners refused to grant the prayer of the petition. An appeal therefrom was taken to the circuit court, where judgment was entered directing that the city clerk audit the claim and certify the amount to the mayor and commissioners, and that a warrant be issued to appellee for

the amount claimed. From that judgment appellant prosecutes this appeal.

The amounts paid to the city by appellant, and sought to·be recovered, and the times of payment are as follows:

| | | |
|---|---|---:|
| Sep. 12, 1928—Oil Depot— | | $37.50 |
| Sep. 12, 1928—Oil Depot, Damages— | | 37.50 |
| Sep. 13, 1929—Oil Depot— | | 37.50 |
| Sep. 25, 1930—Oil Depot— | | 37.50 |
| Sep. 29, 1931—Oil Depot— | | 37.50 |
| | | |
| Total— | | $187.50 |

During the years involved, appellee was a retail dealer in gasoline and lubricating oil. He operated a filling station at the corner of Pearl and South Mill streets in the city of Jackson, and paid all the privilege taxes required of him by law for so doing. The storage capacity of his tank in the filling station was less than five thousand gallons. He was not a wholesaler, nor a distributor of gasoline. He sold only at retail at his filling station. He purchased gasoline in carload lots outside of the state. A car holds about eight thousand gallons. In order to prevent paying demurrage on carload lots and to insure a sufficient amount of gasoline on hand at all times to meet the demands of his customers, he constructed a twenty-five thousand gallon tank on the right of way of the G. M. & N. Railroad, situated about a mile from his filling station and place of business. Into this tank gasoline was drained by gravity from the railroad car tanks. It was likewise drained into a tank truck as needed by appellee at his filling station. No sale, distribution, nor delivery was made by appellee from the storage tank. There was no pump used in connection with the tank. Neither the state nor the city of Jackson in any way inspected or regulated such storage.

The governing statutes are section 166, chapter 118, Laws of 1926, and section 137, chapter 88, Laws of 1930. The city of Jackson, as it had a right to do, levied

fifty per cent of the privilege tax levied by the state under those statutes.

It will be observed that by section 166, chapter 118, Laws of 1926, an annual privilege tax is imposed on all persons, copartnerships, joint-stock companies, or other association of persons "who own or control an oil depot for the *sale, delivery or distribution* of gasoline and kerosene." (Italics ours.) The statute imposes a tax of seventy-five dollars per annum on oil depots of the capacity of appellee's; it further provides, among other things, that it shall not apply to what is commonly known as a filling station, provided the filling station does not have a storage capacity of over five thousand gallons. Chapter 88, Laws of 1930, has no such provision. The first paragraph of section 137 of that chapter is in this language:

"In addition to all other taxes imposed by law, upon each person operating an oil depot for the wholesale sale, delivery and/or distribution of gasoline, kerosene and/or lubricating oil or other petroleum products, as follows:" There follows a levy of seventy-five dollars on oil depots of the capacity of appellee's.

At no time during the years 1928 to 1931, inclusive, was appellee engaged in the sale, either wholesale or retail, delivery, or distribution of gasoline from the storage tank. On the contrary, the storage tank was used alone to supply gasoline to appellee's filling station from time to time as needed. We conclude, therefore, that appellee was not liable for the privilege taxes demanded and collected by the city.

To sustain its contention the city relies on Miller, State Tax Collector, v. Sherrard, 157 Miss. 124, 126 So. 903. That case is not in point. Section 7712 of Hemingway's 1927 Code imposed a privilege tax upon oil depots with this proviso: "Provisions of this section shall not apply to merchants who retail oil to their customers in the regular course of business." The court held that a merchant conducting the business of selling oil and gaso-

line in the same way that a filling station did, and who had a tank capacity of more than five thousand gallons, did not come within the exemption of the statute; that the statute only exempted merchants who retailed oil or gas or kerosene in the regular course of business in the same way that they sold other goods.

Affirmed.