NOLAN-PEELER MOTORS, INC., v. HAYES WOOD, as Tax Collector for Dade County; J. N. LUMMUS, JR., as County Assessor, and J. M. LEE, as State Comptroller.

175 So. 523.

Opinion Filed June 30, 1937.

*W. McL. Christie,* for Appellant;

*Gilroy & Millege, Stapp, Gourley, Ward & Ward, Cary D. Landis,* Attorney General, and *H. E. Carter* and *W. P. Allen,* Assistant Attorneys General, for Appellees.

CHILLINGWORTH, Circuit Judge.—The plaintiff, an automobile dealer, filed a bill of complaint in February, 1937, against the Tax Collector and Tax Assessor of Dade County, and the Comptroller. Plaintiff alleged that the Tax Assessor for the year 1936, had illegally assessed, and the Tax Collector was endeavoring to illegally collect, an *ad valorem* tax against certain automobiles owned by the plaintiff, as

part of its stock in trade, and not yet licensed under the motor vehicle laws of Florida. Plaintiff conceded that a part of the assessment, covering parts, equipment and other personal property, was valid, and tendered into the registry of the Court the amount of taxes admittedly due. Plaintiff alleged that, unless restrained, the Tax Collector would proceed to levy upon and sell the property of the plaintiff for the illegal portion of the tax, to the irreparable injury of the plaintiff. It was also alleged that the Tax Assessor intended to continue the illegal practice of assessing *ad valorem* taxes upon stocks of new and used automobiles owned by the plaintiff and unless restrained, would do so for the year 1937. Plaintiff's application for a temporary restraining order was denied. The defendants' motion to dismiss was granted, and the bill dismissed.

Section 13, Article IX, of the Constitution of Florida, as amended, provides: "Motor vehicles, as property, shall be subject to only one form of taxation which shall be a license tax for the operation of such motor vehicles, which license tax shall be in such amount and levied for such purpose as the Legislature may, by law, provide, and shall be in lieu of all *ad valorem* taxes assessable against motor vehicles as personal property."

The plaintiff contends that this constitutional provision restricts taxation of motor vehicles as property, to only one form of taxation, which shall be a license tax for the operation of such motor vehicles, and that this *ad valorem* tax sought to be levied and collected by these defendants, is a different form of taxation. The defendants contend that these automobiles, being part of a stock in trade, are not considered "motor vehicles" under Section 13, Article IX, of the Constitution of Florida, until they are licensed to operate on public highways or actually operated thereon.

An examination of the case of State, *ex rel.* Byers-Prestholdt Motor Company, v. Minnesota Tax Commission, 227 N. W. 43, cited by the defendants, discloses that it is not helpful in determining this case, because of material differences in the Constitution and statutory law of Minnesota.

In the instant case, the constitutional provision seems to be clear and unambiguous. Only one form of taxation of a motor vehicle is authorized. That is the form of a license tax. An *ad valorem* tax is not in the form of a license tax. Hence, it is beyond the authority of the Legislature to levy such a tax upon motor vehicles. An automobile is a motor vehicle even though not yet licensed or operated on the public highways.

This cause is remanded for the purpose of vacating the Final Decree, granting the plaintiff's application for a temporary restraining order against the Collector and the Assessor, denying defendants' motion to dismiss the bill, with leave to the defendants to answer, and for such other proceedings as may be consistent with this opinion.

Reversed.

ELLIS, C. J., and TERRELL, BROWN and BUFORD, J. J., concur.

WHITFIELD, J., absent on account of illness.

Mr. Justice DAVIS wrote the following concurring opinion:

DAVIS, J. (concurring).—In addition to what has been so well put by Judge CHILLINGWORTH in the opinion of the Court that has been prepared by him, it should be observed that the KANNER AMENDMENT (Section 13 of Article IX of the Constitution) is not in any sense an "exemption" amendment to "exempt" automobiles from property taxation, but that it was designed to simplify and make uniform the appropriate taxation of motor vehicles in line with other tax-

able property of the State by requiring the "form" of the tax to be license tax for the operation of the motor vehicles. The tax thus imposed in the "form" of a license tax is in reality a *commutation* tax comprehending the taxation of the motor vehicle as personal property as part of the charge exacted as a license for its operation as a motor vehicle. It was proposed by the Legislature and adopted by the people to make effective the intendment and design of the CARLTON ADMINISTRATION ACT (Chapter 14574, Acts 1929) to make effective the collection of personal property taxes on all motor vehicles alike, instead of upon only a part of them as had been the practice prior to that time. It is significant that the KANNER AMENDMENT was proposed by the 1929 Legislature (House Joint Resolution No. 753) at its Regular Session that preceded the enactment of Chapter 14574, *supra,* at the ensuing extraordinary session that immediately followed the 1929 Regular Session of the Legislature. With such historical background in mind it is plain that the view adopted and followed in the opinion of Judge CHILLINGWORTH is correct.

TERRELL and BUFORD, J. J., concur.