**MAHORNER v. LIVINGSTON, Director, Department of Motor Vehicles, et al.**

No. 20886.

Circuit Court, Leon County.
July 12 and 15, 1966.

David Linn, Tallahassee, for plaintiff.

Fred M. Burns, Assistant Attorney General, W. E. Bishop, Jr., Assistant Attorney General, and Edward D. Cowart, Assistant Attorney General, for defendants.

HUGH M. TAYLOR, Circuit Judge.

*Findings of law and fact, July 12, 1966:* Plaintiff is the owner of a Volkswagen automobile weighing less than two thousand pounds.

The defendant, Arch Livingston, as director of the department of motor vehicles, and his agent, Roy E. Lett, as tax collector of Leon County, have demanded from the plaintiff, and pursuant to an order of this court entered May 17, 1966, the plaintiff has paid without prejudice to her rights in this action, the sum of $14.09 being the cost of a series "D" automobile license issued pusuant to §320.08(2), Florida Statutes 1965.

The plaintiff contends that her Volkswagen automobile is not subject to any tax and, in the alternative, that the tax is limited to $3 under §320.08(11), Florida Statutes 1965. The defendants have answered and only issues of law are presented.

The sole question which the court must determine is the amount, if any, of the license tax imposed by law upon automobiles weighing less than two thousand pounds, and devoted to private use.

Plaintiff contends that the only existing statute imposing license taxes upon automobiles for private use is §320.08(2), Florida Statutes 1965 (originally enacted as a part of chapter 63-528), and that this statute does not apply to her automobile because the lowest bracket, exclusive of antiques, is limited to automobiles weighing "2,000 pounds or more." Her conclusion is that her Volkswagen is, therefore, exempt from any license tax.

In the alternative, she asserts that the highest possible tax which she may be required to pay is a $3 tax imposed upon " 'X' Series: All exempt or official tags" by §320.08(11), Florida Statutes 1965.

Section 1, article IX, of the state constitution, requires that —

> "The Legislature, shall provide for a uniform and equal rate of taxation . . . and shall prescribe such regulations as shall secure a just valuation of all property, both real and personal, excepting such property as may be exempted by law for municipal, education, literary, scientific, religious or charitable purposes."

This section, of course, relates only to ad valorem taxes, but it was controlling in the assessment of motor vehicles prior to the adoption of the amendment of 1930, now appearing as section 13, article IX, of the constitution, which provides that — "Motor vehicles, as property, shall be subject to only one form of taxation which shall be a license tax for the operation of such motor vehicles. . ."

Without section 13, section 1 would clearly render invalid any attempt on the part of the legislature to exempt from ad valorem taxation all or any class of motor vehicles not "exempted by law for municipal, educational, literary, scientific, religious or charitable purposes."

The plaintiff relies upon section 13 to protect her from ad valorem taxes, but seeks to avoid the payment of any license tax "in lieu of all ad valorem taxes assessable against motor vehicles as personal property," by pointing out that nowhere in chapter 63-528 is there an imposition of a license tax upon automobiles for private use weighing less than two thousand pounds.

If the legislature has power to exempt from the tax specifically authorized by section 13 any class of motor vehicles while imposing such tax on other classes of motor vehicles, it would seem that this has been effectively done by the inverse method of taxing all motor

vehicles weighing more than two thousand pounds and simply ignoring the existence of lighter vehicles.

The court is, however, of the opinion that section 13 clearly contemplates that motor vehicles, as a class of property, shall be subject to a license tax *in lieu of* ad valorem taxes. This is a substitution of one form of taxation for another, not the expansion of the areas in which complete tax exemption may be constitutionally granted by the legislature. While not binding as precedent, the concurring opinion of the late Mr. Justice Davis in Nolan-Peeler Motors, Inc. v. Wood, 175 So. 523, clearly expresses the reasons for this conclusion. In McLin v. Florida Automobile Owner's Protective Ass'n., Inc., 141 So. 147, the court said —

> "The amount of the 'license tag' tax enacted under the Constitution, as amended, is not only collected as an excise tax on the privilege of using the roads, but as a property tax in substitution of the previously levied ad valorem taxes which were applicable to motor vehicles prior to the constitutional amendment."

While the legislature may properly classify motor vehicles for taxation and may impose different rates of taxation upon different classes so long as due process and equal protection of the law is afforded all owners of each class, it cannot arbitrarily and capriciously exclude from the taxing statute a substantial class of motor vehicles and thus exempt them from all forms of taxation unless the exemption be reasonably justified for municipal, educational, literary, scientific, religious or charitable purposes.

Having reached this conclusion, the court is confronted with the task of applying the controlling constitutional law to the enactments of the legislature and determining what tax is imposed upon plaintiff's automobile.

Prior to the enactment of chapter 63-528, the law was specific. The taxes imposed by §320.08, Florida Statutes 1961, included —

> "(2) *Automobiles for Private Use.* —
>
> " 'D' Series: Net weight of less than 2,500 pounds: $10.00 flat."

When the subject was next dealt with, in 1963, §320.08 was *amended* by being completely redrafted and class "D" series is now defined and taxed as — "Net weight of 2,000 pounds or more, but less than 2,500 pounds: $12.50 flat."

It will be observed that by *amending* §320.08 the class in which plaintiff's automobile would have been taxed was omitted and another class bearing the same designation — " 'D' Series" — was

created which expressly excluded automobiles of the weight of that owned by plaintiff.

Insofar as chapter 63-528 purports to cover the field of taxation of motor vehicles under section 13, article IX, of the constitution, it is invalid because of the purely arbitrary exemption of a class of motor vehicles which cannot be taxed in any other way.

Insofar as chapter 63-528 purports to tax other classes of motor vehicles — all those weighing more than two thousand pounds — it is subject to no constitutional infirmity which has been pointed out in this case.

If chapter 63-528 has been enacted as a new statute, it would be simple to say that since it taxes only those motor vehicles which weigh more than two thousand pounds it would not affect the pre-existing law to the extent that such pre-existing law taxes vehicles weighing less than two thousand pounds.

It is urged, and not without logic, that §1 of chapter 63-528 is an amendatory statute which in effect substitutes the text of the new law for that of the old, the prior law being completely repealed in the process. If this reasoning is adopted it would seem to follow that all of §1 of chapter 63-528 is invalid because of the attempted exemption from all taxation of motor vehicles weighing less than two thousand pounds. To the extent that the license tax imposed pursuant to section 13, article IX of the constitution is, as the Supreme Court has said it is, "a property tax in substitution of the previously levied ad valorem taxes. . ." the equal protection clause prevents taxing part of the class — motor vehicles — while exempting other property of the same class.

This conclusion would render §1 of chapter 63-528 inoperative and would cause the law to be as stated in §320.08, Florida Statutes 1961, and impose an annual tax of $10 on each automobile operated for private use and weighing less than two thousand pounds. This construction would, of course, eliminate the increased taxes imposed on all other motor vehicles by this statute.

It is not necessary at this time to go so far, or to disrupt to such an extent, the legislative plans for financing state government.

§1 of chapter 63-528 is, as already emphasized, an amendatory statute. Amendments of statutes have been frequently defined as changes taking from or adding to the law. The practical operation of §1 of chapter 63-528 is to do both of these things — to take from the operation of the taxing statute those motor vehicles weighing less than two thousand pounds and adding an increase in the tax imposed upon other classes of motor vehicles. Had these things been done by separate, specific provisions of the amending statute,

the court could declare so much of the statute as attempting to exempt the smaller vehicles from all taxation to be invalid but severable from the provision increasing the tax on other vehicles, striking down the former and sustaining the latter. The long line of cases which declare the duty of the courts to sustain legislation against attack on constitutional grounds if it can be done by any strict or liberal construction of the legislative enactment would seem to suggest this disposition of the present case. If this is done, the tax imposed upon motor vehicles weighing less than two thousand pounds by §320.08, Florida Statutes 1961, would remain in force because the attempted exemption of this class of property from the tax is invalid. But the higher tax on other motor vehicles would be valid.

In either event the provisions of §2 of chapter 63-528 requiring the transition of the date of payment of the tax from January 1 to July 1 by requiring the purchase of a series of thirteen-month tags would be unaffected.

It follows that the proper charge to be made for the issuance of a 1966 tag for plaintiff's Volkswagen is $10 plus one-twelfth of $10 plus the issuing officer's fee, or $11.39. Since plaintiff has paid $14.09, she is entitled to a refund of $2.70.

Plaintiff is entitled to a refund of an equal amount for each of the years 1965 and 1964.

Several arguments advanced by the parties deserve consideration.

§320.17, Florida Statutes 1965, which in almost identical form has been in effect for some forty years, is set forth below —

> *Classification and assessment by director.* — The director of the department of motor vehicles may determine the classification of, and the amount of tax due on, any motor vehicle required to be registered under the laws of Florida, and may fix, determine and assess the amount of registration or re-registration fees and taxes to be paid for registration, re-registration and license thereof, and his determination when made and certified to in writing shall be prima facie evidence of the validity, regularity and propriety thereof and of the liability of the motor vehicles involved therein to classification and tax so determined, fixed and assessed. No such determination when made by the director shall be disregarded or set aside in any court, except when clearly shown to be unwarranted in law or in fact."

The defendants urge that §320.17 authorizes and the director of the department of motor vehicles has classified plaintiff's car as property taxable under series "D" as defined in §320.08(2). The

argument is that the cited statute vests in the director the power to classify motor vehicles not specifically classified in the statute and to use his judgment in so doing. The court cannot so construe this statute. Its purpose seems quite clear. The determination of the weight of a motor vehicle, whether it is an automobile, a truck; whether a particular use be private or for hire, and similar factual matters necessary to a proper application of the statute are matters with respect to which the director is given authority to make administrative determinations. These determinations necessarily result in the ascertainment of the amount of tax to be paid with respect to each vehicle. But the statute, properly construed, does not give the director power to change the law — only to apply it. Any other construction, and particularly one which would vest in the director power to determine the amount of tax to be paid upon a motor vehicle not taxed at all by the statute, would render the statute clearly unconstitutional as a violation of article II and section 3 of article IX of the constitution. Apparently in times past the director has exercised a broad discretion in classifying vehicles and determining the tax upon each purporting to act under §320.17 and predecessor statutes. This fact, in a doubtful case, might be persuasive of his power. But this case does not fall in that category.

The defendants also urge that the failure of the legislature to include in chapter 63-528 a tax upon motor vehicles weighing less than two thousand pounds is an obvious mistake of inadvertence, and that the court should, by some form of construction, read into the statute as written such a tax, or read out of the statute the words "2,000 pounds or more, but" so as to make the definition of vehicles requiring series "D" tags read "net weight of less than 2,500 pounds." The power of the courts to construe a statute does not go to the extent of permitting them to correct everything which they might regard as a legislative error.

The defendants also argue that plaintiff has prematurely invoked the judicial processes — that she has failed to exhaust her administrative remedies by seeking a refund under §215.26, Florida Statutes 1965. This argument would be sound as respects the taxes paid for 1964 and 1965 tags but for the necessity, with respect to the 1966 tag, of securing relief in equity against coercion of the payment of the tax for the current year. The plaintiff is clearly within her legal rights as to the 1966 tax. Equity having acquired jurisdiction with respect to this tax will grant full relief with respect to the identical tax paid in prior years.

Plaintiff argues that if she is not entirely exempt from taxation with respect to her vehicle, she should be required only to purchase a tag of " 'X' Series: All exempt or official tags: $3.00." Since

the court has determined that efforts to exempt plaintiff's vehicle from taxation must fail, the purchase of a tag evidencing exemption from taxation as distinguished from the payment of a tax, does not satisfy the law.

Costs cannot be assessed against these defendants.

*Summary declaratory decree and final order, July 15, 1966:* After argument by counsel, both oral and by memorandum briefs, and consideration by the court of the motions for summary decrees filed by both plaintiff and defendants in this cause, this court issued its findings of law and fact on July 12, 1966, which findings are attached hereto and incorporated herein and made a part of this summary declaratory decree and final order as though set out *in haec verba;* and the court being otherwise fully advised in the premises, it ordered and decreed —

(1) Said motions for a summary declaratory decree are granted.

(2) Arch Livingston, as director of the department of motor vehicles, shall be paid $11.39 out of the $17.64 deposited by plaintiff into the court registry, which sum of $11.39 shall represent full payment of the 1966 license tax and service charges for the "D" series license tag, issued by order of this court on May 17, 1966 to plaintiff for her 1960 Volkswagen automobile, pursuant to this automobile's proper classification under the "D" series of chapter 61-116, Florida Statutes, being §320.08(2), Florida Statutes 1961.

(3) Fred O. Dickinson, as comptroller of the state of Florida, shall make an accounting and he shall refund to Mary Mahorner $1.46 for the year 1964, being the difference between $7.84 which she paid for a half year license tag and the proper amount of $6.38, and he shall refund to Mary Mahorner $2.70 for the year 1965.

(4) Arch Livingston, as director of the department of motor vehicles, and Roy E. Lett, as tax collector of Leon County, their agents, servants, and employees may not properly classify or assess automobiles for private use having a net weight of less than 2,000 pounds under the "D" series of chapter 63-528, Florida Statutes.

(5) The remaining $6.25 of the $17.64 deposited by plaintiff in the court registry shall be returned to Mary Mahorner.

(6) Plaintiff's prayer that costs be assessed against defendants in denied.

(7) The clerk of this court shall make disbursement in accordance with paragraphs 2 and 5 of this decree.