WALTER S. McLIN, as State Motor Vehicle Commissioner, and W. A. KEEN, as Sheriff of Sarasota County, Florida, *Appellants,* vs. FLORIDA AUTOMOBILE OWNERS' PROTECTIVE ASSOCIATION, INC., a corporation, and J. A. LEDNUM, *Appellees.*

141 So. 147.

En Banc.

Opinion filed April 19, 1932.

Petition for rehearing denied May 31, 1932.

170

*Cary D. Landis,* Attorney General, and *H. E. Carter,* Assistant, for Appellants;

*Randolph Calhoun,* for Appellees.

PER CURIAM.—This appeal is from three interlocutory orders and decrees of the Circuit Court of Sarasota County, adjudging the penalty provision of Section 2, Chapter 15625, Acts of 1931, Laws of Florida, unconstitutional as contravening Section 16 of Article III of the Constitution.

The title of said Act is as follows:

"AN ACT to Amend Sections 1007, 1010, 1011, and 1031, Revised General Statutes of Florida relating to the Operation, Licensing and Taxing of Motor Vehicles, Trailers, Semi-Trailers and Motorcycles, Side Cars, as amended by Chapter 8410, Acts of 1921, Laws of Florida, and as amended by Chapter 10182, Acts of 1925, Laws of Florida, and as amended by Chapter 12096, Acts of 1927, Laws of Florida, Relating to the Subject of Operation of Motor Vehicles, Trailers, Semi-Trailers, Motorcycle Side Cars and Taxation of Same, and to Repeal Section 1015, Revised General Statutes of Florida as Amended by Chapter 8410, Acts of 1921, Relating to the Subject Aforesaid, the Purpose of this Act being to Revise and Amend the following Sections of the Revised General Statutes of Florida Which Constitute Sections 1281, 1284, 1285 and 1304, of the Compiled General Laws of Florida, 1927, and to Repeal

Section 1289 of the Same; and for Other Purposes in Relation to Motor Vehicles and Registration Thereof.''

In the case of new enactments, the title to the Act itself is the only notice of what may be expected to follow in the body of the bill; whereas, in amending an existing statute reference to the subject and section of the law to be amended, is all that is required to put the Legislature upon inquiry as to the changes contemplated in the amendatory Act.

And if amendatory provisions are germane to the general subject of an amended Act, it is not necessary that the particulars of such amendatory provisions be referred to in the amendatory Act's title, it being presumed from the very fact of amendment, that by the amending statute the old law will be changed in some respect, otherwise there would be no occasion for an amendment at all. State ex rel. Bonsteele v. Allen, 83 Fla. 214, 91 Sou. Rep. 104.

The title to Chapter 8410, Acts of 1913, was similarly attacked and held good in State ex rel. Bonsteele v. Allen, *supra*. The title of that Act was as follows:

"AN ACT to Repeal Section 1019, and to Amend Sections 1006, 1007, 1009, 1011, 1012, 1013, 1014, 1015, 1017, 1018, 1023, 1031, 5309, 5605, of the Revised General Statutes of Florida, relating to the Operation of Motor Vehicles, Trailers, Semi-Trailers, and Motorcycle Side-Cars.''

On the authority of the case just cited, which is supported by a long line of others of like import, the title to Chapter 15625, Acts of 1931, must be held sufficient under Section 16 of Article III of the Constitution, to support the validity of Section 2 of Chapter 15625, which is merely an amendment of Section 1010, Revised General Statutes, 1920 (1284 C. G. L.) the fact of which amendment is covered in the title in terms. See also Gray, Secretary of State, vs. Central Florida Lumber Co., decided March 15, 1932, at the present term, and cases cited.

The purpose of Chapter 15625, *supra*, was to put into effect the provisions of Section 13 of Article IX of the Constitution with reference to the taxation of motor vehicles. See Ex Parte Tyson, decided here at the present term. The amount of the "license tag" tax exacted under the Constitution, as amended, is not only collected as an excise tax on the privilege of using the roads, but as a property tax in substitution of the previously levied ad valorem taxes which were applicable to motor vehicles prior to the constitutional amendment. Both the amount, and the terms of payment of such taxes, is now left for the determination of the Legislature, which has plenary authority in the premises, subject only to the limitation that due process of law and equal protection of the laws must not be violated by the statute providing for the collection of such taxes, or in the course of its administration.

But it is argued that Amended Section 1010 Rev. Gen. Stats. 1920 does violate the "due process' and "equal protection of the laws" clauses of the Constitution of the United States, and that it is also a violation of Section 12 of the Declaration of Rights of the Constitution of this State.

The portion of the Section complained of is as follows:

"ON February first a penalty of twenty-five per cent. of the amount due shall be added to the price of each tag, and no tag shall be issued after February 1st for any motor vehicle which was liable for registration or re-registration as of January 1st, unless such penalty is paid, in addition to the price of the tag."

The payment of excises and taxes in the nature of excises is commonly and generally enforced by the imposition of penalties upon the performance of the acts, or the doing of the things, or the failure to promptly obtain a permit for that which is the subject of the tax, without paying the tax therefor.

That the Legislature has power to provide for the im-

position and collection of reasonable penalties for failure of those liable thereto, to comply with the mandatory provisions of tax statutes is well settled, and this power extends alike to excise as well as ad valorem taxes. Colonial Investment Co. v. Nolan, 100 Fla. 1349, 131 Sou. Rep. 178; Ridgeway v. Reese, 100 Fla. 1304, 131 Sou. Rep. 136; State ex rel. Comfort v. Leatherman, Clark, 99 Fla. 899, 128 Sou. Rep. 21. As to the amount of penalty which may be thus imposed, the United States Supreme Court has held that there is nothing unconstitutional in a statute which imposes a penalty of fifty per cent. for non payment of taxes of a certain character. Western Union Telegraph Co. v. Indiana, 165 U. S. 304, 17 Sup. Ct. 345, 41 U. S. (L. Ed.) 725.

In view of the established legislative practice of so providing in Florida statutes under the sanction of previous decisions of this, and the Federal Courts, having jurisdiction in this State, we must hold that the imposition by Chapter 15625, Acts of 1931, a twenty-five per cent. penalty for non-payment of the State motor vehicle license tax within the time provided by law, is not only not unconstitutional, but entirely reasonable. See Louis K. Liggett Co. et al. v. Amos, Comptroller, decided at the present term, where a 25 per cent. penalty for non-payment of a special chain store tax was upheld. See also Noble v. Carlton, Governor, 36 Fed. (2nd) 967, where a much more severe penalty for non-payment of a milk dealer's license was upheld by a statutory three-judge Federal Court.

The orders appealed from are reversed and the bill of complaint here dismissed under authority of Section 4637 (2918) Comp. Genl. Laws, 1927. See Anderson v. Board of Public Instruction of Hillsborough County, 102 Fla. 695, 136 Sou. Rep. 334.

Reversed and dismissed.

BUFORD, C.J. AND WHITFIELD, TERRELL AND DAVIS, J.J., concur.

ELLIS AND BROWN, J.J., dissenting.

ELLIS, J., dissenting.—The objectionable feature of Section 2 of Chapter 15625, Laws 1931, is that it is not an amendment to Section 1010 Revised General Statutes Sec. 1284 Compiled General Laws, but entirely new matter foreign to the subject of Section 1010 supra and by no reasonable intendment may be regarded as within the purview of the restricted title to Chapter 15625 supra. I therefore dissent from the conclusion reached by the majority and think that the order from which this appeal was taken should be affirmed.

BROWN, J., concurs.