**THE TAMPA GAS COMPANY, a Florida Corporation, v. W. S. SPARKMAN, as Tax Assessor of Hillsborough County, Florida, ANTHONY SCHLEMAN, as Tax Collector of Hillsborough County, Florida, and J. M. LEE, as Comptroller of the State of Florida.**

14 So. (2nd) 196                                    June Term, 1943
June 15, 1943                                              En Banc

*Carl T. Hoffman, L. L. Robinson, Hoffman & Robinson* and *Sam C. Matthews,* for petitioner.

*James S. Moody* and *Fred T. Saussy, Jr.,* for respondents.

ADAMS, J.:

Section 34, Chapter 20723, Acts 1941, provides:

"Any person who fails to make a tax return as required

by this Act shall pay as a penalty, in addition to and as part of the tax a sum equal to 10% of the tax found to be due. . ."

On petition for certiorari under Rule 34 we review an order of the lower court upholding the statute. The question is whether the quoted part of the statute is in contravention of Sec. 1 of Art. IX, Constitution of Florida, Sec. 12, Declaration of Rights, Constitution of Florida, or Sec. 1 of XIV Amendment to the Constitution of the United States.

The Legislature shall provide sufficient revenue to defray the expenses of the State. Sec. 2, Art. IX, Constitution of Florida. Pursuant to such duty the Legislature shall provide a uniform and equal rate of taxation based upon a just valuation. Sec. 1, Art. IX, Florida Constitution. These mandatory duties invest the Legislature with power to levy taxes and such power necessarily carries the power to fix reasonable penalties to insure the collection of same.

Petitioner relies on our opinion, Colonial Inv. Co. v. Nolan, 100 Fla. 1349, 131 So. 178.

Here, a different case is presented. The penalty does not augment the valuation. It is imposed for neglect to perform a duty. The Legislature may require the owners of property to return their property for taxation. The property owner may avoid the penalty by discharging his lawful duty. So long as the penalty is not unreasonable or arbitrary it will be upheld.

We find the challenged statute not in conflict with the State or Federal Constitution, hence petition for certiorari is denied.

BUFORD, C. J., TERRELL, BROWN, CHAPMAN, THOMAS and SEBRING, JJ., concur.