94 So.2d 829 (1957)
George Edward MARIANI, as Administrator of the Estate of E.A. Mariani, deceased, Appellant,
v.
Anthony SCHLEMAN, as Tax Collector of Hillsborough County, et al., Appellees.
Supreme Court of Florida, Division A.
April 24, 1957.
Rehearing Denied May 22, 1957.
*830 Herbert D. Wentworth and Wm. Earle Tucker, Tampa, for appellant.
Wm. C. McLean, Tampa, for appellees.
THORNAL, Justice.
Appellant Mariani, who was plaintiff below, seeks reversal of a decree of the Chancellor adjudicating the validity of a tangible personal property tax assessment.
For reasons hereafter pointed out the only question to consider is the authority of the County Tax Assessor under the circumstances to correct the name of the owner of tangible personal property after the tax roll had been approved and filed in the office of the Tax Collector.
According to the complaint the Tax Assessor of Hillsborough County assessed personal property taxes for the year 1954 against a valuation of $2,000 of property shown by his records to be owned by Mariani Emulsified Asphalt Plant. At the same time for the same year, he assessed taxes against a valuation of $23,800 of tangible personal property shown by his records to be owned by Mariani-O'Brien, Inc. The tax bills were mailed to the same address about November 1. "Emulsified" paid its taxes. Mr. Mariani notified the Tax Collector that Mariani-O'Brien did not own the property assessed in its name. Title to the property apparently had been transferred by the corporation to the individual sometime during the tax year. Thereupon the Tax Assessor merely changed the name of the owner from Mariani-O'Brien, Inc. to Mariani Emulsified Asphalt Plant. This correction was made on the tax roll in the office of the Tax Collector, obviously after the roll had been approved and certified to the Collector for collection.
It is significant that neither Mariani nor Mariani-O'Brien, Inc. returned any tangible personal property taxation for the year 1954. It is not denied that the property was owned by Mariani Emulsified Asphalt Plant. The testimony indicates that the property actually has a value in excess of the amount fixed by the assessment. The complaint merely assaults the validity of the correction. By his answer the Tax Collector admitted that, through an over-sight, the assessment totaling $23,800 included the $2,000 assessment. To this end he concedes a duplication. By the final decree the Chancellor corrected the error with reference to duplication. He otherwise affirmed the validity of the assessment. Reversal of this decree is now sought.
Appellant contends that the Assessor had no authority to correct the name of the property owners. There are other contentions which are pointed out hereafter.
The appellee Tax Collector contends that the correction of the name was merely a clerical correction and one authorized by statute.
Sections 193.12 and 200.08, Florida Statutes, F.S.A., make it the duty of the *831 owner of tangible personal property to file a return of his property, giving the description, location and full cash value thereof. This return should be filed before April 1 of each year. We have held that where the owner of tangible personal property fails to make a return thereof as required by law, he is not entitled thereafter to assault the ultimate assessment on the ground that he had no knowledge thereof or was deprived of an opportunity to contest the assessment before the Equalization Board. Arundel Corporation v. Sproul, 136 Fla. 167, 186 So. 679; Amos v. Jacksonville Realty & Mortgage Co., 77 Fla. 403, 81 So. 524; Tampa Gas Co. v. Sparkman, 153 Fla. 177, 14 So.2d 196; Sanders v. State ex rel. Shamrock Properties, Fla. 1950, 46 So.2d 491.
By Section 200.02, Florida Statutes, F.S.A., the County Tax Assessor is authorized to correct any erroneous omissions or commissions in the tangible personal property tax roll in like manner as if he had performed the act correctly in the first instance. The roll when so corrected is thereby validated ab initio and the ultimate validity of the tax is not adversely affected. While conceivably it is possible that there may be some jurisdictional defects which could not be so corrected, we find none in the instant case. As pointed out above, the appellant does not by his complaint or testimony deny ownership of the property. Actually, if his decedent had complied with the law and returned the property for taxation, the error in name doubtless never would have occurred. He not only failed to file a return but he likewise failed to register any objection before the Board of Equalization. If there is any aspect of life that approaches the certainty of death, it is the certainty of taxes. Appellant's decedent certainly must have known that he owned the property; he must have known that the property would be subjected to ad valorem taxes; he is presumed to have known that it was his duty to file a return. Likewise, he is charged with the presumption of knowledge that the opportunity was available to him to appear before the Board of Equalization and remonstrate against any unfairness or invalidity in the assessment. He cannot now be heard to assault the assessment on the ground set forth in his complaint. The error was not jurisdictional and it did not affect the validity of the tax.
The briefs of the parties appear to tender argument on the proposition that the land occupied by the appellant was owned by the Hillsborough County Port Authority and that under Section 20, Chapter 23338, Special Acts of 1945, creating the Authority, all lands owned by the Authority are exempt from taxation. It is pointed out that the bulk of the property subjected to the tax herein consisted of buildings and large storage tanks attached to the land on concrete foundations. By his brief, appellant contends that his decedent was merely a lessee of the land and that the alleged tangible personal property is not such at all. He states that the bulk of the property has become so attached to the land that it is real estate and therefore exempt from taxation under the cited statute.
By his brief, the appellee takes the position that the buildings, tanks and machinery are personalty and subject to the tax.
It is a rule of long standing that on appeal this Court will confine itself to a review of those questions, and only those questions, which were before the trial court. Matters not presented to the trial court by the pleadings and evidence will not be considered by this court on appeal. Jacques v. Wellington Corporation, 134 Fla. 211, 183 So. 718; Southern Liquor Distributors v. Kaiser, 150 Fla. 52, 7 So.2d 600.
We have diligently and cautiously examined not only the appendices to the briefs but also the original record in its entirety. Although there are conclusions of law that the assessment is "illegal" and "confiscatory", we fail to find anywhere in this record that the question of the alleged *832 exempt status of the property was ever presented to the trial judge. The record clearly indicates that this question could not have properly been presented to the trial judge. For example, nowhere in the complaint does appellant deny ownership of the property. The complaint in no place alleges ownership of the land by the Port Authority. There is no allegation that the property involved is either real estate or enjoys a tax exempt status. Although there is testimony that appellant's decedent occupied the land under a formally executed lease, the terms of which could have a direct bearing on the problem suggested, nowhere in the record does the lease, or any copy thereof, appear.
By his brief, appellant contends that the Tax Assessor assessed the actual tanks, buildings and machinery. By his brief, on the other hand the appellee asserts that the Tax Assessor assessed the lease itself. In such a situation an appellate court is certainly not in a position to try a question of this nature de novo. The problem obviously was not tendered to the trial judge and is not available to the parties for review on appeal. See Jones v. City of Sarasota, Fla. 1956, 89 So.2d 346; see also, People ex rel. International Navigation Co. v. Barker, 153 N.Y. 98, 47 N.E. 46; Thompson on Real Property, Vol. 3, Sec. 1365; Cooley on Taxation, Vol. 2, Sec. 593, and Vol. 3, Secs. 1065 and 1157.
Among other incidental alleged errors appellant contends that inasmuch as there was an admitted duplication that was corrected by the final decree, the Circuit Judge committed error in dismissing the complaint at final hearing with the alleged resultant imposition of the burden of costs on appeal. Examination of the final decree does not reveal that the costs were taxed against the appellant. There is nothing in the record to show who paid the costs or whom the Chancellor directed to pay the costs. Here again, there is nothing acted upon by the Chancellor subject to our review.
We have not overlooked the other points of alleged error assigned. It appears to us that the cause was well and thoroughly considered by the able Chancellor who committed no errors in the ultimate disposition thereof.
The decree is affirmed.
TERRELL, C.J., and THOMAS and ROBERTS, JJ., concur.