TILLMAN PEARSON, Judge.
Interstate Engineering Co., Inc., brought its complaint in chancery seeking to foreclose a claimed lien for professional engineering services. Although not specified in the complaint, the appellant claimed its lien under §§ 85.01 and 85.05, Fla.Stat, F.S.A., which provides for liens in favor of professional engineers and surveyors. Adler-Built Industries, Inc., is the owner of the real property upon which the lien is claimed.
Federal Title and Insurance Corporation filed its motion for leave to intervene as a party-defendant. The motion was granted and Federal Title was allowed to deposit in the registry of the court the sum of $18,-000. By order of the court the lien was removed from the real property and transferred to the $18,000 cash deposit. Extensive testimony and evidence was taken before the court from which it appears without controversy that Interstate and Adler entered into an oral contract whereby plaintiff Interstate was to prepare construction plans and specifications for a water-distribution system, sewage-collection system, sewage-treatment plant, and design certain bridges all for the use of Adler in the development of a new subdivision. However, there is sharp controversy as to whether there was a provision in the oral contract requiring Interstate to obtain approval of the plans by the City of Hialeah as a condition precedent to the payment of the agreed fee for the work.
The plans were prepared and were approved by the State Board of Health. On the basis thereof, Adler secured FHA approval for mortgages on its subdivision. Some payments on account were made by Adler to Interstate. Subsequently, the sevy-age system was built but not according to the plans. Whether this was because Interstate failed to obtain approval of the plans by the City of Hialeah or because the City of Hialeah and Adler conspired not to use the plans is another point of sharp conflict in the testimony. The work was finally done under plans prepared by the City Engineer of the City of Hialeah.
Upon the basis of the testimony taken before him, the chancellor made the following findings:
“[T]he Court determines and finds that the plaintiff has failed to prove that plaintiff’s plans and specifications were used or employed in the improvement of the real property described in plaintiff’s complaint, or that plaintiff had obtained the approval of the City of Hialeah of the plaintiff’s plans and specifications which said approval was a condition precedent contained in the oral agreement between the plaintiff and the defendant, ADLER-BUILT INDUSTRIES, INC., or that the plaintiff is entitled to enforce or foreclose a lien thereon * *
On this appeal the appellant, Interstate Engineering, urges that the court’s finding, that the appellant was not entitled to a lien, first, because the plans and specifications were not utilized by the land owner, and secondly, because the municipality’s approval of the plans and specifications was a condition precedent to payment for services rendered, constituted error.
In order to secure a reversal of the decree appealed it is necessary for the appellant to prevail upon both of the points presented. An affirmance upon either of the points would deprive appellant of the lien claimed.
Under appellant’s first point, it is urged that the liens provided by § 85.05 do not require the use of the plans in making the improvement. He also urges that there *832 was sufficient evidence of use by the defendant, Adler, to satisfy § 85.05, if such a requirement of use does exist. We mention these contentions in order to show that they have not been overlooked. However, we find it unnecessary to discuss these contentions under appellant’s first point.
Under appellant’s second point it is urged that the failure of the engineer to obtain approval from the City was immaterial and irrelevant. In the alternative, appellant contends that the condition precedent to performance was prevented by the affirmative act of the defendant, Adler-Built Industries. The evidence taken before the chancellor contains a sufficient basis upon which he could have found that the plaintiff-appellant, Interstate, in its contract of employment, undertook to procure the approval of its work by the City of Hialeah before being entitled to payment. There was also evidence upon which the chancellor could have found that the plaintiff-appellant failed or refused to make changes requested by the City that were apparently considered necessary before the City would give its approval. We therefore, affirm the chancellor’s finding that the plaintiff-appellant is barred from recovery by the terms of its own contract with Adler. Watson v. Gallagher, Fla.App. 1957, 96 So.2d 472; Food Fair Stores of Florida v. Vallarelli, Fla.App.1958, 101 So.2d 161.
One additional aspect of this case must be considered. The intervening defendant, Federal Title and Insurance Corporation, as appellee, has cross-assigned as error that the chancellor wrongfully failed to order the return of the cash deposited in the registry of the court. The form of the decree submitted to the chancellor by attorneys for Federal Title included an order to such effect; however, the proposed order was stricken by the court. At the time of the filing of the final decree no pleading was before the chancellor requesting the return of the cash deposit upon the termination of the controversy between Interstate Engineering Co., Inc. and Adler-Built Industries, Inc. In view of this lack m the record, we are unable to say whether the chancellor has failed to make a proper disposition of the funds involved and decline to hold him in error. Mariani v. Schleman, Fla.1957, 94 So.2d 829.
In the present state of the record there are three questions which must be determined initially by the chancellor regarding the cash deposit: (1) Was the deposit a cash bond pursuant to § 84.241 Fla.Stat., F.S.A. as contended by the defendant-inter-venor Federal Title and Insurance, Inc.?; (2) Was the deposit of the $18,000 into the registry of the court upon the condition that Federal Title was in fact a stakeholder only and thus entitled to relieve itself of responsibility by depositing the cash ?; (3) Does equity require the joinder of additional parties who may now have an interest in this fund?
Affirmed but remanded for further proceedings.