320 So.2d 815 (1975)
DOMINION LAND AND TITLE CORPORATION, Appellant,
v.
DEPARTMENT OF REVENUE, Appellee.
No. 46292.
Supreme Court of Florida.
October 1, 1975.
Rehearing Denied December 4, 1975.
*816 S. Alan Stanley, Turner, Hendrick, Guilford, Goldstein & McDonald, Coral Gables, for appellant.
Robert L. Shevin, Atty. Gen., and Harold F.X. Purnell, Asst. Atty. Gen., for appellee.
Thomas F. Woods, Woods & Johnston, Tallahassee, for Utica Mut. Ins. Co., amicus curiae.
E. Jackson Boggs and Thomas W. Black, Tampa, for The Florida Bar (Tax Section), amicus curiae.
BOYD, Justice.
We here consider a direct appeal from an order of the Circuit Court of Dade County holding constitutional[1] Section 201.17(2), Florida Statutes.[2] That section requires payment of a penalty equal to the excise tax due upon recording of any document, instrument or paper, which penalty is in addition to payment of the taxes owed but not paid at the time of recording.
The facts of this case are as follows.
Appellant, plaintiff below, acted as the title insuring agent and the initial disbursing agent for Commonwealth Land and Title Insurance Company. Pursuant to this agency relationship, Appellant handled the recordation of a certain warranty deed conveying real property located in Dade County from Twenty-One Biscayne Corporation to Overseas Development, Inc. Under Chapter 201, Florida Statutes, documentary stamps and surtax stamps in the respective amounts of $17,700 and $3,530 were required to be affixed to the deed prior to recordation. At the time of closing Appellant did receive sufficient funds to cover all recording costs including the stamps; however, in preparing a listing of the appropriate fees and taxes due upon recordation of the various documents involved in this transaction, Appellant inadvertently omitted any amount for the purchase of the requisite tax stamps. Nevertheless, the deed was accepted for recordation by the Clerk of the Circuit Court of Dade County on July 2, 1973, without any tax stamps affixed thereto.
Following a routine audit of the Court Clerk's records by the Department of Revenue, Appellant was notified of the omission and thereafter re-recorded the deed on October 9, 1973, with the proper stamps appended. On October 26, 1973, the Department of Revenue assessed a penalty in the amount of $21,230 pursuant to the provisions *817 of Section 201.17(2), Florida Statutes, as a result of Appellant's failure to purchase the stamps at the initial recording of the deed; Appellant refused to pay the penalty. Suit was filed in the Circuit Court alleging estoppel and challenging the constitutionality of Section 201.17(2), Florida Statutes; that court denied the plaintiff's estoppel argument, expressly upheld the constitutionality of the challenged statute and ordered payment of the penalty as assessed. This appeal followed.
There are two questions to resolve, i.e.:
(1) Whether Section 201.17(2), Florida Statutes, is unconstitutional in that it: [a] assesses such a harsh and unreasonable penalty as to constitute a denial of due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States and Article I, Section 9 of the Florida Constitution; and [b] assesses an excessive penalty which is prohibited by the Eighth Amendment to the Constitution of the United States and Article I, Section 17 of the Florida Constitution?
(2) Whether the Appellee should be estopped from attempting to enforce the payment of the penalty in question, since the Clerk of the Circuit Court of Dade County accepted the warranty deed for recording without the payment for any tax stamps whatsoever?
Regarding the first question, we note that, while Appellant admits that the purpose to be served by the subject statute is a proper matter for legislative regulation, it argues that the penalty imposed by that statute is grossly excessive. To support its position it submits that two principles control any consideration as to the validity of a statute which imposes fines: i.e., (1) a fine will be held unconstitutional if it is so great as to shock the conscience of reasonable men; and (2) a fine will be held unconstitutional if it bears no rational relationship to the wrong sought to be prohibited by the fine.[3] It is Appellant's contention that the statute in question must be voided on both counts.
The purpose of Chapter 201, Florida Statutes, is to raise additional revenue for the State by placing a tax on certain types of documents commonly recorded in the public records of the various counties throughout Florida. As noted above, Appellant recognizes the authority of the Legislature to impose proper penalties upon those who do not comply with that chapter; nevertheless, the penalty must be reasonable. Appellant maintains that the only injury suffered by Appellee was not having the taxes available to it for its use from the time the deed was initially recorded until it was re-recorded with the appropriate stamps. It is asserted that the 100% penalty imposed bears no rational relationship to the injury suffered by Appellee under the instant facts and that, therefore, it should be declared unconstitutional.
On the other hand, Appellee contends that in the field of taxation the power of the Legislature is plenary and that the amount of penalties in a tax statute is a matter of legislative discretion.[4] It argues that the penalty assessed by the statute is neither so harsh as to intimidate persons from asserting their rights to test the validity of the statute in the courts, nor is it patently harsh or oppressive as a penalty for the wrongs sought to be redressed.[5] Appellee relies on foreign case authority upholding the state legislatures' discretion in imposing penalties of up to 100% for failure to comply with a tax statute.[6] Further, *818 Appellee asserts that, due to the difficulties involved in collecting delinquent documentary stamp taxes, the penalty established in Section 201.17(2), Florida Statutes, is fully warranted. Appellee submits that the challenged statute is entitled to a presumption of validity and that any doubt as to its constitutionality must be resolved in favor of the statute.[7] Appellee concludes that Appellant has not met the burden for invalidating the statute.
It is our view, and we so hold, that Section 201.17(2), Florida Statutes, is constitutional. The Legislature's power in the field of taxation is plenary;[8] such legislative power to tax necessarily carries with it the power to fix reasonable penalties to insure the collection of such taxes.[9] As observed by the trial court, the common method for insuring and protecting the collection of excise taxes enacted pursuant to such taxing power is through the imposition of a mandatory penalty upon the performance of the act being taxed without payment of the excise.[10] Survival of state government requires strong measures to assure collection of taxes; other states have considered cases involving statutes providing for a 100% penalty and have not found them unduly harsh.[11] Furthermore, being mindful of the difficulties involved in collecting delinquent documentary stamp taxes, we do not feel that the penalty assessed by Section 201.17(2), Florida Statutes, is so harsh or oppressive as to warrant judicial intrusion into the Legislature's determination of what constitutes a reasonable penalty in this field.
We now turn our attention to the second issue. Appellant notes that pursuant to Section 201.12, Florida Statutes, the Clerk of the Circuit Court is required to ascertain that the requisite documentary stamps have been affixed on all documents subject to such taxation prior to recordation. It is Appellant's position that the Clerk is acting as Appellee's agent in collecting the stamp taxes; and, since the Clerk in this case failed to properly check the instrument prior to recording, Appellant asserts that Appellee should be estopped from attempting to enforce the payment of the penalty. According to Appellant, it would be manifestly unjust to allow Appellee to collect a 100% penalty as a result of the Clerk's failure to comply with the applicable statute.[12]
Appellee answers that, under the facts of this case, the doctrine of estoppel does not foreclose the recovery of the penalty, since estoppel applies against a state only in certain limited circumstances.[13] Appellee argues that it was Appellant's unauthorized act, not that of the Clerk that led to the assessment of the penalty.
The question of procedural safeguards has been properly raised and considered. Obviously, the Appellee-Department of Revenue alone can not determine the amount of the tax or penalty without judicial review; if after such review the court finds that under the law a modified penalty is due, by strict construction the court has its equitable power to reduce it.
Unfairness alone does not render a law unconstitutional.[14] In each instance *819 the circumstances will be different, and courts have no magic yardstick by which to reduce the penalty based upon intentions and attitudes of taxpayers. Although we recognize the severity of the penalty herein, we do not find the law unconstitutional. If the law is too harsh, it should be changed by the Legislature and not by this Court.
We hold the provisions of Section 201.17(2), Florida Statutes, to be constitutional. The decision of the Circuit Court so holding is accordingly affirmed.
It is so ordered.
ADKINS, C.J., OVERTON, J., and MUSZYNSKI, Circuit Judge, concur.
ENGLAND, J., concurs specially with an opinion.
ROBERTS, J., dissents.
ENGLAND, Justice (concurring specially).
Prior to oral argument in this case, I filed of record and with each of the parties a Notice stating that I had served as special tax counsel to the Florida House of Representatives when the penalty tax statute was formulated by the House Finance and Tax Committee. By formal notice filed with the Court prior to oral argument, appellant's counsel requested that I disqualify myself because of my position as tax counsel to the House when that body passed the statute. I carefully considered but rejected counsel's request, and I so announced from the bench immediately before argument. As I then indicated and now reiterate, neither the letter nor the spirit of the Code of Judicial Conduct suggests that my prior affiliation with the Florida House of Representatives requires disqualification in this case.
NOTES
[1] Article V, Section 3(b)(1), Florida Constitution.
[2] "201.17 Penalties for failure to pay tax required. 

* * * * *
"(2) Any document, instrument, or paper upon which the tax under this chapter is imposed and which, upon audit or at time of recordation, does not bear the proper value of stamps shall subject the person or persons liable for the tax upon the document, instrument or paper to:
(a) Purchase of the stamps not affixed; and
(b) Payment of penalty to the department of revenue equal to the purchase price of the stamps not affixed. This penalty is to be in addition to and not in lieu of any other penalty imposed by law."
[3] Amos v. Gunn, 84 Fla. 285, 94 So. 615 (1922).
[4] Gaulden v. Kirk, 47 So.2d 567 (Fla. 1950); McLin v. Florida Automobile Owner's Protective Association, 105 Fla. 169, 141 So. 147 (1932).
[5] Amos v. Gunn, supra, Note 3 at p. 641.
[6] Bennett v. Jones, 107 Miss. 880, 66 So. 277 (1914); Brittain & Henry v. Robertson, 120 Miss. 684, 83 So. 4 (1919); State ex rel. Hardy v. State Board of Equalization, 133 Mont. 43, 319 P.2d 1061 (1958); Davis v. Becker, 309 Ky. 775, 219 S.W.2d 6 (1949).
[7] Faircloth v. Mr. Boston Distiller Corp., 245 So.2d 240, 249 (Fla. 1970); Gray v. Central Florida Lumber Co., 104 Fla. 446, 140 So. 320, 323 (1932).
[8] Gaulden v. Kirk, supra, Note 4.
[9] Tampa Gas Company v. Sparkman, 153 Fla. 177, 14 So.2d 196 (1943).
[10] McLin, supra, Note 4.
[11] Supra, Note 6.
[12] Trustees of Internal Improvement Fund v. Claughton, 86 So.2d 775 (Fla. 1956).
[13] Greenhut Construction Co. v. Henry A. Knott, Inc., 247 So.2d 517 (Fla.App. 1971); Jefferson National Bank v. Metropolitan Dade County, 271 So.2d 207 (Fla.App. 1972), cert. den. (Fla.), 277 So.2d 536.
[14] Williams v. Newton, 236 So.2d 98, 102 (Fla. 1970).