335 So.2d 832 (1976)
ASSOCIATED DRY GOODS CORPORATION, a Virginia Corporation, D/B/a Robinson's of Florida, Petitioner,
v.
The DEPARTMENT OF REVENUE, State of Florida, Respondent.
No. BB-125.
District Court of Appeal of Florida, First District.
July 20, 1976.
Rehearing Denied August 25, 1976.
Joel D. Bronstein of Fisher, Sauls, Adcock, DeLoach & Gowen, Port Richey, and C. Graham Carothers & James D. Beasley of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for petitioner.
Robert L. Shevin, Atty. Gen., and Larry Levy, Asst. Atty. Gen., for respondent.
RAWLS, Judge.
By petition for review of final agency action, Associated Dry Goods (Robinson's) challenges a penalty imposed by the Department of Revenue (Department) pursuant to the provisions of Florida Statute 201.17(2)(b).
Robinson's began operating stores in Florida in September, 1973. A major portion of its retail sales in Florida is made pursuant to revolving charge accounts. In March of 1975, the Department audited all revolving charge account sales which had been made by Robinson's since September, 1973. As a result of this audit, the Department issued a proposed notice of assessment of tax in the sum of $17,925.00 (Florida Statute 201.08[2]) and a penalty in a like sum (Florida Statute 201.17[2]). Robinson's contested the assessments in an administrative proceeding (Chapter 120, Florida Statutes), and the hearing officer entered a recommended order which upheld the validity of the assessment of documentary tax (F.S. 201.08[2]) and rejected the applicability of the penalty (F.S. 201.17[2]). The Governor and Cabinet, sitting as the Department of Revenue, after reviewing the hearing officer's recommendation, entered the order now appealed which sustained the assessment and penalty initially imposed by the Department. In this review, *833 Robinson's challenges only the assessment of the penalty in the sum of $17,925.00, on the ground that the penalty assessment is without legal authority.
In support of its contention, Robinson's correctly asserts that the sole statutory authority for imposition of same is found in Florida Statute 201.17 which provides, in pertinent part, as follows:
"(2) Any document, instrument, or paper upon which the tax under this chapter is imposed and which, upon audit or at time of recordation, does not bear the proper value of stamps shall subject the person or persons liable for the tax upon the document, instrument or paper to:
(a) Purchase of the stamps not affixed; and
(b) Payment of penalty to the department of revenue equal to the purchase price of the stamps not affixed. This penalty is to be in addition to and not in lieu of any other penalty imposed by law."
Robinson's then argues that the authority for assessment of documentary stamp tax on the accounts involved here is found in the last sentence of Florida Statute 201.08(2) which provides: "No documentary stamps shall be required to be attached to instruments under the provisions of this subsection." Robinson's then poses the following question and answer:
"What is the purchase price of stamps not affixed to the revolving charge agreements and sale tickets encompassed by the Department of Revenue's audit, which stamps were required by law to be affixed to such instruments? The answer, quite simply is none."
In rebutting Robinson's argument, the Department emphasizes that Robinson's construction would result in an absurd result. As pointed out by the Department, Florida Statute 201.17(2) provides that "[a]ny document, instrument, or paper upon which the tax under this chapter is imposed and which, upon audit ... does not bear the proper value of stamps shall subject the person or persons liable for the tax" (emphasis supplied) to purchase of the stamps not affixed, and payment of penalty to the Department of Revenue equal to the purchase price of the stamps not affixed.
Robinson's syllogism is basically that Florida Statute 201.08(2) states "[n]o documentary stamps shall be required to be attached" to the subject document; therefore, the provision of Florida Statute 201.17(2)(b) which states that "[p]ayment of penalty to the department of revenue equal to the purchase price of the stamps not affixed" (emphasis supplied) is inapplicable, since the subject stamps were not to be affixed. To use a West Florida colloquialism, "that dog won't hunt". The sophistical argument of Robinson's rejects the clear legislative scheme to extract taxes on documents utilized by Robinson's in the conduct of its business in Florida. First, the sole means of collecting the tax, which Robinson's concedes that it owes, is by its purchase of documentary stamps. Second, the nature of the modern invention of "revolving credit" does not lend itself to the practice of department stores affixing the requisite stamps upon each charge slip resulting from a sale. The legislature recognized the impracticality of such a procedure by exempting such affixing. Third, the legislature required the purchase by the seller of the stamps "not affixed", and then mandated a penalty upon the failure to purchase the stamps not affixed. As stated in George v. State, 203 So.2d 173 (Fla.App.2d 1967):
"A logical and practical intent should be ascribed to every legislative act. Silver Sands of Pensacola Beach, Inc. v. Pensacola Loan & Sav. Bank, Fla.App. 1965, 174 So.2d 61. And the manifest intent of the legislature will prevail over any literal import of words used by it; and no literal interpretation leading to an unreasonable conclusion or a purpose not *834 intended by the law should be given. Worden v. Hunt, Fla.App. 1962, 147 So.2d 548.
......
"Penal statutes must be strictly construed, but they are not to be construed so strictly as to emasculate the statutes and defeat the obvious intention of the legislature. State v. Hooten, Fla.App., 122 So.2d 336. In other words, such strict construction is subordinate to the rule that the intention of the lawmakers shall be given effect. Chapman v. Lake, 1933, 112 Fla. 746, 151 So. 399; Haworth v. Chapman, 1933, 113 Fla. 591, 152 So. 633... ."
The cardinal rule in the construction of statutes is to ascertain the legislative intent in the enactment of law. Dade Fed. Sav. & L. Ass'n v. Miami Title & Abstract Div., 217 So.2d 873 (Fla.App.3d 1969). In our view it is crystal clear that the legislature intended that those who failed to timely purchase required documentary stamps, whether same were to be "affixed" to a deed or "not affixed" to a charge slip, would be subject to a penalty in the amount not timely purchased. By way of caveat, we recognize that the inflexible penalty equal to the purchase price of the stamps not affixed mandated by the legislature may well be an unduly harsh penalty in many instances; however, relief of same is a matter of legislative conscience  not of the judiciary.
AFFIRMED.
WARREN, LAMAR, Associate Judge, concurs.
BOYER, C.J., dissents.
BOYER, Chief Judge (dissenting).
I dissent. The penalty here appealed is harsh indeed. Penal statutes must be strictly construed. I am of the view that Robinson's logic, as recited in the majority opinion, is correct. I would reverse the final agency action here appealed and reinstate the recommended order entered by the hearing officer. If the legislature desires to amend the statutory language then it is free to do so, but in the meantime I would not visit the unusually harsh penalty upon the citizenry contrary to the express wording of the statute as it now exists.