QUESTION: Does the Department of Revenue have the discretionary authority to assess the documentary stamp tax penalty, or any portion thereof, found in s. 201.17(2), F. S. 1975?
SUMMARY: Section 201.17(2), F. S. 1975, the documentary stamp tax penalty statute, has been judicially construed as providing a mandatory rather than a discretionary penalty. Consequently, the Department of Revenue is without authority to assess less than the full penalty provided therein. Section 201.17(2), F. S. 1975, provides: Any document, instrument, or paper upon which the tax under this chapter is imposed and which, upon audit or at time of recordation, does not bear the proper value of stamps shall subject the person or persons liable for the tax upon the document, instrument or paper to: (a) Purchase of the stamps not affixed; and (b) Payment of penalty to the Department of Revenue equal to the purchase price of the stamps not affixed. This penalty is to be in addition to and not in lieu of any other penalty imposed by law. Your opinion request centers on the issue of whether the use of the term "shall subject" in this penalty statute is indicative of a legislative intent to impose a discretionary rather than mandatory penalty. For the reasons stated below, this question must be answered in the negative. Section 201.17(2), F. S., has been judicially construed on two occasions. Dominion Land and Title Corporation v. Department of Revenue, 320 So.2d 815 (Fla. 1974), was the first such case, and it presented to the Supreme Court a full scale challenge to the constitutionality of s. 201.17(2). Among the contentions advanced in support of the alleged unconstitutionality of this statute was the assertion that by using the term "shall subject" the Legislature indicated an intent to impose a discretionary penalty. Under this theory it was contended that, since the Department of Revenue imposed the penalty and the Legislature had not provided any guidelines relative to the situations in which the penalty could be waived, the department's power to impose a discretionary penalty constituted an unconstitutional delegation of legislative authority. The Supreme Court rejected this argument, however, ruling: It is our view, and we so hold, that Section 201.17(2), Florida Statutes, is constitutional. The Legislature's power in the field of taxation is plenary; such legislative power to tax necessarily carries with it the power to fix reasonable penalties to insure the collection of such taxes. As observed by the trial court, the common method for insuring and protecting the collection of excise taxes enacted pursuant to such taxing power is through the imposition of a mandatory penalty upon the performance of the act being taxed without payment of the excise. * * * * * Unfairness alone does not render a law unconstitutional. In each instance the circumstances will be different, and courts have no magic yardstick by which to reduce the penalty based upon intentions and attitudes of taxpayers. Although we recognize the severity of the penalty herein, we do not find the law unconstitutional. If the law is too harsh, it should be changed by the Legislature and not by this Court. [320 So.2d at 818-819; emphasis supplied.] In the second case to reach the judiciary, Associated Dry Goods Corporation v. Department of Revenue,335 So.2d 832 (1 D.C.A. Fla., 1976), the court had before it the question of whether the penalty imposed by s. 201.17(2), F. S., applied to a delinquent tax assessment involving revolving charge accounts. Such documents by law, s. 201.08(2), F. S., do not have to have the stamps physically affixed thereto, while the penalty, pursuant to s. 201.17(2), is assessed in an amount equal to the purchase price of the stamps "not affixed." In upholding the application of the penalty, the First District held: . . . the legislature required the purchase by the seller of the stamps "not affixed," and then mandated a penalty upon the failure to purchase the stamps not affixed. * * * * * The cardinal rule in the construction of statutes is to ascertain the legislative intent in the enactment of law. [case omitted]. In our view it is crystal clear that the legislature intended that those who failed to timely purchase required documentary stamps, whether the same were to be "affixed" to a deed or "not affixed" to a charge slip, would be subject to a penalty in the amount not timely purchased. By way of caveat, we recognize that the inflexible penalty equal to the purchase price of the stamps not affixed mandated by the legislature may well be an unduly harsh penalty in many instances; however, relief of same is a matter of legislative conscience — not of the judiciary. [335 So.2d at 833-834; emphasis supplied.] Consequently, based upon the decisions in Associated Dry Goods Corporation v. Department of Revenue, supra, and Dominion Land and Title Corporation v. Department of Revenue, supra, including the express rejection in the latter case of the contention that the use of the term "shall subject" evidenced a legislative intent to impose a discretionary penalty, your question posed at the outset of this opinion must be answered in the negative.