QUESTION:
Is the Department of Banking and Finance authorized under s.218.33(2), F. S., to promulgate rules and regulations providing for uniform accounting practices and procedures and classification of accounts, which would be different from or inconsistent with the county budget system and budgetary funds prescribed by s.129.01(1), F. S.?
SUMMARY:
The Department of Banking and Finance is authorized under s.218.33(2), F. S., to promulgate the rules and regulations providing for uniform accounting practices and procedures and classification of accounts, but such rules and regulations, maynot be different from or inconsistent with the county budget system and budgetary funds prescribed by s. 129.01(1), F. S. Chapter 73-349, Laws of Florida, codified as s. 218.83, F. S., does not repeal or nullify, and is not irreconcilably repugnant to or inconsistent with, s. 129.01(1) and, accordingly, s. 129.01(1) is still operative and in full force and effect and will remain so until the Legislature repeals, amends, or alters said statute by proper legislative enactment.
Your question is answered in the negative.
Chapter 129, F. S., relates to and regulates annual county budgets. Section 129.01 establishes the county budget system and requires the adoption of an annual budget for the several funds listed therein and sets forth certain directions and requirements regarding the preparation, adoption, and execution (as prescribed in Ch. 129) of such budget. Sections 129.01(1) and 129.011(1) were recently amended by Ch. 77-165, Laws of Florida, and the effect, if any, of such amendment on your question must also be considered.
Section 218.33(2), F. S., added by s. 2 of Ch. 73-349, Laws of Florida, provides:
 (2) The [D]epartment (of Banking and Finance) is empowered and authorized to make such reasonable rules and regulations regarding uniform accounting practices and procedures by units of local government in this state, including a uniform classification of accounts, as it deems necessary to assure the use of proper accounting and fiscal management techniques by such units. (Emphasis supplied.)
Section 218.31(1), F. S., defines `[u]nit of local government' to mean a county, municipality, or special district.
Section 218.33(4), F. S., provides:
 (4) Any word, sentence, phrase, or provision of any special act, municipal charter, or other law that prohibits or restricts a unit of local government from complying with this section or any rules or regulations promulgated hereunder is hereby nullified and repealed to the extent of such conflict. (Emphasis supplied.)
Thus, the statute (Ch. 73-349, supra, codified as s. 218.33, F. S.) empowers the Department of Banking and Finance to promulgate rules and regulations regarding uniform accounting practices and procedures by units of local government, including by specific language uniform classification of accounts, and repeals andnullifies any special act, municipal charter, or other law that restricts or prohibits a unit of local government from complying with s. 218.33 or any rules or regulations promulgated thereunder.
The title to ch. 73-349, Laws of Florida, provides in part:
 AN ACT relating to local government . . . amending chapter 218, Florida Statutes, by adding a new part III, relating to local financial management and reporting; providing for financial reporting by all units of local government; providing uniform fiscal years and authority to develop and implement uniform accounting procedures; providing certain budgeting requirements and procedures; providing optional procedures for counties and municipalities in relation to special districts within their boundaries; providing procedures, reports and penalties for failure to comply; providing for removal or modification of special act or charter restrictions inconsistent with this act; repealing Chapter 128, Florida Statutes, and sections . . . 216.111[2] and 145.12, Florida Statutes, relating to . . . county finances . . . . (Emphasis supplied.)
The title of an act defines the scope of the act, County of Hillsborough v. Price, 149 So.2d 912 (2 D.C.A. Fla., 1963); Finn v. Finn, 312 So.2d 726 (Fla. 1963); and where any doubt or ambiguity exists, it may be considered in determining the legislative intent, Curry v. Lehman, 47 So. 18; State v. Yeats,77 So. 262; Jackson Lumber Co. v. Walton County, 116 So. 771. If the language of an act is susceptible to more than one interpretation, the legislative intent is to be gleaned from a consideration of the act as a whole, the evil to be corrected, the language of the act, including its title, and the state of the law already in existence bearing on the subject, and the act given that construction which comports with the evident legislative intent. Foley v. State, 50 So.2d 179. The fundamental rule, to which all other rules are subordinate, in construction of statutes is that the intent thereof is law and should be duly ascertained and effectuated. American Bakeries Co. v. Haines City, 180 So. 524; Pillans Smith Co. v. Lowe, 157 So. 649; Smith v. Ryan,39 So.2d 281; see also Associated Dry Goods Corp. v. Department of Revenue,335 So.2d 832, Smith v. City of St. Petersburg, 302 So.2d 756.
Applying the foregoing rules of construction to the issue raised by the above-stated question, it is manifest from the title of Ch.73-349, supra, that the Legislature did not intend to nullify or repeal s. 129.01(1), F. S., or any other section or provision of Ch. 129, F. S. The pertinent part of the title provides only for the `removal or modification of special act or charter
restrictions inconsistent with this act (newly added part III of Ch. 218, F. S.).' (Emphasis supplied.) It did provide for `amending subsections . . . 129.01(2)(a) and (b) and129.03(2)(b)-(f), Florida Statutes' thereby evidencing the intent that those sections of Ch. 129 were to remain operative and continue in full force and effect, as so amended. Reading that part of s. 218.33(4), F. S., as enacted by s. 2 of Ch. 73-349, providing for the repeal of `any special act, municipal charter orother law (that) prohibits or restricts a unit of local government from complying with (s. 218.33, F. S.) . . . to the extent of such conflict' (Emphasis supplied.) in light of the legislative intent and purpose expressed in the title of Ch. 73-349, it becomes evident that the term `other law' as used in the context of s.218.33, F. S., must have reference to other laws of the same nature, character, and effect as `special act(s) or charter(s),' such as local acts and general laws of local application pertaining to local governmental agencies (cf., s. 12(g), Art. X, State Const., defining a special law to mean a special or local law, and s. 11(a), Art. III, referring to general laws of local application and including such laws in the same category or classification as special laws for the purpose of s. 11 of Art. III), and not to general laws such as Ch. 129 uniformly regulating the county budget system and the county annual budget and funds included therein. The body of the act provides `any special act, municipal charter or other law'; (Emphasis supplied.) the special words `special act (or) municipal charter' being followed by the more general words `or other law,' would seem to require application of the rule of construction, ejusdem generis. By that rule, where general words follow the enumeration of particular or specific classes of things, the more general words or phrases will be construed to refer only to things of the same general nature or class as those particularly enumerated, unless there is clearly manifested a legislative intent to the contrary. In this instance, the word `other' following the enumeration of particular kinds or classes of laws should be read `as such like' and include only other laws of a like kind or character (as those specifically enumerated). See Van Pelt v. Hilliard, 78 So. 693, 697; In re
Ratliff's Estate, 188 So. 128, 133; State v. Town of Davie,127 So.2d 671, 673. The Legislature did express its intent in the title of Ch. 73-349 to repeal certain general laws, i.e., `repealing Chapter 128, Florida Statutes (relating to the making and filing of financial reports and statements by the County Commissioners and Clerk of the Circuit Court), and sections . . . 216.111(2) and 145.12, F. S. (relating to annual financial statements to be submitted by the counties and other governmental units, and annual reports of fees collected by county officers and disposition of excess fees of such officers),' and certain other general laws relating to municipal finances. However, the title makes no provision whatever for the repeal of any part of Ch. 129 (to the contrary, it provides for the amendment of ss. 129.01 and129.03, as hereinbefore noted), and it must be presumed that, had the Legislature intended to repeal Ch. 129 or any part thereof, to make any further modification thereof than that made in both the title and body of Ch. 73-349, or to authorize the promulgation of any rules governing the annual county budgets and the statutorily specified funds therein inconsistent with the terms and provisions of Ch. 129, it would have done so. Failing to have done so, it evidenced its intent that Ch. 129 was to continue to control and govern and regulate the annual county budgets, the funds included therein, and the levying of taxes and the expenditure of county moneys for county purposes. Consistent with such intent, neither the title nor the purview of Ch. 73-349 provides for any repeal of any part of Ch. 129 or for any further amendment or modification thereof than indicated therein.
Enacted as part of Ch. 73-349, supra, were amendments to ss.129.01(2)(a) and (b) and 129.03(2)(b)-(f), F. S. This is significant inasmuch as your question involves reconciling the commands of ss. 218.33 and 129.01(1), F. S., which were not altered or amended by Ch. 73-349.
It is a settled rule that the interpretation of a statute leading to the repeal of an existing or prior law not expressly repealed by the Legislature should not be adopted unless it is inevitable and unless it is made to appear there is a positive repugnancy between the two or that the later statute was clearly intended to prescribe the only governing rule. Tamiami Trail Tours v. City of Tampa, 31 So.2d 468; Sweet v. Josephson, 173 So.2d 444; accord
State ex rel. School Board of Martin County v. Department of Education, 317 So.2d 68. Where a statute has been passed with knowledge of prior existing laws (both the title and body of Ch.73-349 manifest legislative knowledge of Ch. 129, F. S.), a construction is favored which gives each statute a field of operation rather than a construction that would leave one statute meaningless or repealed by implication, State Department of Public Welfare v. Galilean Children's Home, 102 So.2d 388, 392-393; City of Punta Gorda v. McSmith, Inc., 294 So.2d 27, 29; cf. State exrel. Housing Authority of Plant City v. Kirk, 231 So.2d 522,523-524; Mann v. Goodyear Tire Rubber Company, 300 So.2d 666,667. Applying these principles to the questions at hand, both the *4815 title and body of Ch. 73-349 demonstrate that the Legislature not only had knowledge of s. 129.01 but specifically undertook to amend that section along with several subsections of s. 129.03. In so doing it removed the then requirement that the county file its annual budget with the Department of Banking and Finance, substituted `appropriate state agency' for `the department' relating to the prescribing of uniform classification of accounts, and added a requirement that the county budget reflect the approximate division of locally raised receipts and all expenditures between the incorporated and unincorporated areas of the county; it made no other substantial changes in s. 129.01
and makes no reference to the provisions of s. 218.33(2) nor to any authority vested in the Department of Banking and Finance to promulgate any rules conflicting with or superseding or prevailing over the terms of s. 129.01 relative to the establishment of the county budget system and the adoption of an annual budget for the several budgetary funds designated therein. Likewise, the Legislature made the same substitution ('[a]ppropriate state agency') in s. 129.03 but, as related to the Department of Banking and Finance, it made no substantial changes in that section, except to remove the authority of that department to examine the county budget and to report deficiencies to the board of county commissioners and the requirement that the annual budget be transmitted to and approved by that department. Again, the Legislature indicated its intent that Ch. 129, as amended by Ch.73-349, continued to govern and to control and regulate the annual county budget and the several budgetary funds included therein, as designated in s. 129.01(1). The amendments made to ss. 129.01(1) and 129.011(1) by Ch. 77-165, Laws of Florida, further evidence such legislative intent. In light of such legislative action and history, I am unable to find such positive repugnance and irreconcilable conflict between s. 218.33, as enacted by s. 2 of Ch. 73-349, and the provisions of s. 129.01, as amended, (or any other provision of Ch. 129, as amended, relating to the annual county budget for the statutorily prescribed funds, the consolidation of such separate budgetary funds into a single general fund, except for the county transportation trust fund, the prescribed requisites of such budgets, and the specified requirements for the preparation, adoption and execution of such annual budgets) as is required by law in order to justify my concluding that s. 2 of Ch. 73-349 (s. 218.33) operated to impliedly repeal or modify or supersede s. 129.01 or any other section of Ch. 129, as amended. To conclude otherwise would leave Ch. 129 utterly meaningless and of no operative force. The several boards of county commissioners are and continue to be governed by the provisions of s. 129.07 making it unlawful for such boards to expend or contract for the expenditure of more than the amount budgeted for each item in each of the enumerated budgetary funds or to exceed the total appropriations of any such county budgets, except as otherwise provided in Ch. 129.
Section 129.011, F. S., was enacted in 1970 and amended in 1977, and subsection (1) of said section now provides:
 (1) In order to simplify and otherwise improve the accounting system provided by law and to facilitate a better understanding of the fiscal operation of the county by the general public, the board of county commissioners may, by resolution duly adopted, consolidate any of its separate budgetary funds into a single general fund, except that the road and bridge tax shall be levied under s. 336.59, and all revenue and expenditures of the county transportation trust fund established pursuant to s. 339.083 (created by this act) shall be shown as a separabe budgetary fund. (Emphasis supplied.)
The italicized language was added by s. 2 of Ch. 77-165, Laws of Florida, in 1977. Thus, in 1977, the Legislature recognized the continued force and effect of said section by enacting anexception thereto. Since the section authorizes the board of county commissioners, by resolution duly adopted, to consolidate any of its separate budgetary funds into a single general fund, with certain exceptions, the enactment of the amendment recognizes the continued force and effect of s. 129.01(1), F. S. The Legislature, therefore, must have intended that the requirements of s. 129.01(1) remain in full force and effect.
Furthermore, since s. 1 of Ch. 77-165, Laws of Florida, also amended s. 129.01(1), F. S., by changing the name of the `road and bridge fund' to the `county transportation trust fund' (created and established by s. 14 of Ch. 77-165 and codified as s. 339.083, F. S.), this also is legislative recognition of the continued existence and force of s. 129.01(1) and the enumerated budgetary funds therein. The newly established `county transportation trust fund' simply replaces, expands on, and substitutes for the former `road and bridge fund' and is included among the other specified funds making up the annual county budget which controls the levy of taxes (including those levied under s. 336.59(1), F. S., which have not been amended) and the expenditure of money for all county purposes.
And, finally, Ch. 73-349, supra, which provided the genesis for s.218.33, F. S., also amended ss. 129.01(2)(a) and (b) and129.03(2)(b)-(f), F. S., but did not amend s. 129.01(1), F. S., thus exemplifying a legislative intent that those sections remain viable and operative.
For all of the above and foregoing reasons, I am compelled to conclude that s. 129.01(1), F. S., as amended, is still in full force and effect. This being so, s. 218.33, F. S., must be reconciled with s. 129.01(1) so as to give full force and effect to both. Thus, any rules and regulations promulgated by the department must be operative within and in harmony with the requirements of s. 129.01(1) and uniform accounting practices and procedures, and uniform classification of accounts with respect to the several counties must operate within the various budgetary funds enumerated therein. The boards of county commissioners may but are not required to utilize the provisions of s. 129.011, F. S., to consolidate any of the separate budgetary funds enumerated in s. 129.01(1) into a single general fund, except for the county transportation trust fund which must continue to be shown as a separate budgetary fund. Should the Legislature desire to abolish or alter the nomenclature or structural classification of the various budgetary funds enumerated in s. 129.01(1), F. S., as amended, it can easily express such intent by proper legislative enactment. At the present time, a contrary intent has been clearly indicated, as set forth above.
Prepared by: Staff