Jed Pittman Clerk of the Circuit Court Dade City
QUESTION:
Are costs provided for in ss. 943.25 and 960.20, F. S., immune from the 5-percent surcharge in s. 960.25, F. S.?
SUMMARY:
The `costs' provided for in ss. 943.25 and 960.20, F. S., are not subject to the 5-percent surcharge established and created by s. 960.25, F. S.
Chapter 960, F. S., as amended, the `Florida Crimes Compensation Act,' was enacted in order to provide governmental financial assistance to victims of crimes and other claimants under the act.See ss. 960.02, 960.04, 930.17, and 960.21, F. S.
Section 960.25, F. S., provides in pertinent part:
 In addition to any fine or civil penalty prescribed by law, there is hereby established and created an additional 5 percent surcharge thereon which shall be imposed, levied, and collected together with such find or civil penalty. . . . (Emphasis supplied.)
A recent Florida Supreme Court decision has determined that the 5-percent surcharge on civil penalties in said act is unconstitutional as a violation of equal protection (see State v. Champe, 373 So.2d 874 [Fla. 1978]). However, as stated in State v. Champe, supra:
 The invalidation of that portion of Section 960.25 which imposes a surcharge on civil penalties does not require an invalidation of the whole section or the entire Act. We have a duty to uphold the validity of legislative enactments to the extent possible, and the expression of a legislative preference for the severability of voided clauses, although not binding, is highly persuasive. Having confined the surcharge to criminal proceedings, we hold that Section 960.25 may be validly applied without the words `or civil penalty.' A severance of that provision may reduce the fund available for the compensation of victims, but it will not impair either the operation or the effectiveness of the statute.
Thus, as a partial means of funding the Crimes Compensation Trust Fund, only fines imposed or levied in criminal proceedings are subject to a 5-percent surcharge thereon, pursuant to s. 960.25,supra, as interpreted by the Florida Supreme Court.
Fines are distinguished from `costs' in that a fine is a sum of money exacted as a pecuniary punishment from a person guilty of a criminal offense; costs, in criminal proceedings, are those charges fixed by law which have been necessarily incurred in the prosecution of one charged with a public offense. See 20 C.J.S.Costs ss. 1(b), 435, and 437, and 36A C.J.S. Fines s. 1. Cf. ss.775.083 and 775.0835, F. S.
It is a fundamental rule of construction when interpreting statutory provisions to ascertain and give effect to the intention of the Legislature (see American Bakeries Co. v. Haines City,180 So. 524 [Fla. 1938]; Atlantic Coast Line R. Co. v. State,74 So. 595 [Fla. 1917]; Associated Dry Goods Corp. v. Department of Revenue, 335 So.2d 832 [Fla. 1976]; and Rinker Materials Corp. v. City of North Miami, 273 So.2d 536 [Fla. 1973]), to be determined from the plain language of the statute. See Tyree v. Hyde,52 So. 968 (Fla. 1910); Sparkman v. State, 71 So. 34 (Fla. 1916); State v. Rose, 114 So. 373 (Fla. 1927); Thayer v. State, 335 So.2d 815
(Fla. 1976); and S.R.G. Corporation v. Department of Revenue,365 So.2d 687 (Fla. 1978). Furthermore, the Legislature must be assumed to know the meaning of words and to have expressed its intent by the use of the words found in the statute (see Thayer v. State, supra); and when words selected by the Legislature are clear and unambiguous, no interpretation is appropriate to displace the expressed intent. See Reino v. State, 352 So.2d 853
(Fla. 1977); Adams v. Dickinson, 264 So.2d 419 (Fla. 1972); State v. Egan, 287 So.2d 1 (Fla. 1973); and Winter v. Playa del Sol, Inc., 353 So.2d 598 (Fla. 1977). Accordingly, s. 960.25, F. S., in clear and unambiguous language, evidences a legislative intent to impose a 5-percent surcharge on fines and civil penalties (however, as to invalidation of the surcharge on civil penalties,see State v. Champe, supra) prescribed by law. (See also AGO 078-4, which concludes that, subject to judicial determination otherwise, such surcharge on fines may be waived by a court if it determines the surcharge would impose a severe financial hardship.)
Section 960.25, F. S., does not, in terms, provide for any surcharge on any `costs' imposed or levied in a criminal proceeding, including the `costs' provided for in ss. 943.25(3) and (5) and 960.20, F. S. Therefore the rule of expressio uniusest exclusio alterius applies so that by clear implication `costs' are excluded from the operation of s. 960.25 and are not subject to the 5-percent surcharge provided in that section. See In re
Advisory Opinion of Governor Civil Rights, 306 So.2d 520 (Fla. 1975); Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433
(Fla. 1974); and Ideal Farms Drainage District v. Certain Lands,19 So.2d 234 (Fla. 1944). I apprehend that, had the Legislature intended that the `costs' prescribed in ss. 943.25(3) and (5) and 960.20 be subject to the 5-percent surcharge under s. 960.25, it would have provided for such clearly and unequivocally. See Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952).
Prepared by: John W. Williams, Assistant Attorney General